NO. 23-50664 consolidated with
NO. 23-50714

———————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————

UNITED STATES OF AMERICA,
PLAINTIFF - APPELLEE,

V.

MARK UHLENBROCK,
DEFENDANT - APPELLANT

———————————

On Appeal from the United States District Court, Western
District of Texas, San Antonio Division, No. 5:16-cr-
00389-XR-1 and 5:21-cr-00084-XR, Judge Xavier
Rodriguez, Presiding

———————————

**RECORD EXCERPTS OF APPELLANT,
MARK UHLENBROCK**

———————————

Shannon W. Locke
THE LOCKE LAW GROUP
15160 San Pedro Avenue
San Antonio, Texas 78232
Telephone: 210-229-8300

*Counsel for Mark Uhlenbrock*

# TABLE OF CONTENTS

**Tab #**                                                                                    **ROA**

1     Docket Sheet ............................ ROA.23-50714.1-13 and ROA.23-50664.1-9

2     Notice of Appeal ....................... ROA.23-50714.302 and ROA.23-50664.122

3     Indictment .......................................................................ROA.23-50714.14

4     Petition for Warrant or Summons for Offender Under Supervision.................

....................................................................................... ROA.23-50664.91-4

5     Jury Verdict ...................................................................ROA.23-50714.279

6     Judgment in a Criminal Case ...................................... ROA.23-50714.296-301

7     Order on Motion to Dismiss ......................................... ROA.23-50714.105-8

8     Interlocutory Order on Motion to Dismiss ................. ROA.23-50714.678-80

9     Interlocutory Order on 404(b) Evidence ...................... ROA.23-50714.681-5

10    Interlocutory Order on Request for Mistrial..................... ROA.23-50714.409

11    Interlocutory Order on Jury Instructions .................... ROA.23-50714.446-51

12    Order on Motion for Judgment of Acquittal.................. ROA.23-50714.293-5

13    Motion to Dismiss and Memorandum of Law in Support of Such Motion ......

....................................................................................... ROA.23-50714.64-79

14    Motion to Dismiss......................................................... ROA.23-50714.225-8

15    Response to the Government's Notice of Intent to Use Evidence Under Rule

609 and Rule 404(b).............................................................. ROA.23-50714.248-53

16    Motion for a Judgment of Acquittal ............................. ROA.23-50714.284-5

17    Defendant's Proposed Jury Instructions ........................ ROA.23-50714.266-8

18    Jury Instructions and Charge ........................................ ROA.23-50714.270-8

19    Certificate of Service

Tab 1

# U.S. District Court [LIVE]
# Western District of Texas (San Antonio)
# CRIMINAL DOCKET FOR CASE #: 5:21-cr-00084-XR-1

Case title: USA v. Uhlenbrock

Date Filed: 02/24/2021

Assigned to: Judge Xavier Rodriguez

Appeals court case number: 23-50714
(Doc. 91) 5CCA

### Defendant (1)

**Mark Joseph Uhlenbrock**

represented by **Kimberly Gonzalez**
The Locke Law Group
523 E. Quincy
San Antonio, TX 78211
(210) 229-8300
Fax: (210) 229-8301
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Shannon Willis Locke**
The Locke Law Group, P.L.L.C.
15160 San Pedro Avenue
San Antonio, TX 78232
210-229-8300
Fax: 210-229-8301
Email: shannon@thelockelawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

18:2261.F-INTERSTATE
DOMESTIC VIOLENCE; Internet
Stalking
(1)

### Disposition

60 months Imprisonment to run consecutive to
sentence imposed in case 5:16-cr-00389-XR; 3 years
Supervised Release to run consecutive to sentence
imposed in case 5:16-cr-00389-XR; S/A $100;
Restitution $4,700.00

### Highest Offense Level (Opening)

Felony

### Terminated Counts

### Disposition

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

USA            represented by    **Joseph H. Gay , Jr.**
Assistant U.S. Attorney
601 N.W. Loop 410
Suite 600
San Antonio, TX 78216
(210) 384-7030
Fax: 210 384-7031
Email: Joseph.Gay@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karina O'Daniel**
U.S. Attorney's Office
Western District of Texas
601 NW Loop 410, #600
San Antonio, TX 78216
210-970-5356
Email: karina.o'daniel@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Wannarka**
U. S. Department of Justice - Asst. U.S. Attorney
601 N.W. Loop 410 - Suite 600
San Antonio, TX 78216
210-384-7192
Fax: 210-384-7118
Email: sarah.wannarka@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William F. Calve**
U.S. Attorney's Office
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
210-384-7132
Email: william.calve@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2021 | 1 (p.14) | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to Mark Joseph Uhlenbrock (1) count(s) 1. (bc) (Entered: 02/24/2021) |
| 02/24/2021 | 3 | Personal Data Sheet (SEALED) as to Mark Joseph Uhlenbrock (bc) (Entered: 02/24/2021) |
| 02/24/2021 | 4 (p.15) | ORDER FOR ISSUANCE OF Bench Warrant as to Mark Joseph Uhlenbrock. Signed by Judge Henry J. Bemporad. (bc) (Entered: 02/24/2021) |
| 02/24/2021 | 5 (p.16) | MOTION to Continue and MOTION to Detain Defendant without Bond by USA as to Mark Joseph Uhlenbrock. (bc) (Entered: 02/24/2021) |
| 02/24/2021 | 6 (p.20) | Bench Warrant Issued by Judge Henry J. Bemporad as to Mark Joseph Uhlenbrock. (bc) (Entered: 02/24/2021) |
| 03/17/2021 | 7 (p.22) | ORDER as to Mark Joseph Uhlenbrock reassigning to Judge Xavier Rodriguez. Judge Jason K. Pulliam no longer assigned for Mark Joseph Uhlenbrock. Signed by Judge Jason K. Pulliam. (rg) (Entered: 03/17/2021) |
| 03/18/2021 | | Arrest of Mark Joseph Uhlenbrock. (rg) (Entered: 03/18/2021) |
| 03/18/2021 | 8 | Minute Entry for proceedings held before Judge Henry J. Bemporad:Initial Appearance as to Mark Joseph Uhlenbrock held on 3/18/2021. (Minute entry documents are not available electronically.) (Court Reporter ftr gold.) (rg) (Entered: 03/22/2021) |
| 03/18/2021 | 9 (p.23) | ORDER OF TEMPORARY DETENTION: Bond set to NO BOND as to Mark Joseph Uhlenbrock. District Court Arraignment and Detention Hearing set for 4/1/2021 10:00 AM before Judge Elizabeth S. Chestney. Signed by Judge Henry J. Bemporad. (rg) (Entered: 03/22/2021) |
| 03/19/2021 | 10 (p.27) | ORDER CANCELLING DETENTNION HEARING scheduled for April 1, 2021at 10:00 AM as to Mark Joseph Uhlenbrock. Signed by Judge Henry J. Bemporad. (rg) (Entered: 03/22/2021) |
| 03/19/2021 | 11 (p.28) | ORDER GRANTING 5 (p.16) Motion to Detain Defendant without Bond. Bond set to Detain without bond pending trial as to Mark Joseph Uhlenbrock (1). Signed by Judge Henry J. Bemporad. (rg) (Entered: 03/22/2021) |
| 03/25/2021 | 12 (p.29) | NOTICE OF ATTORNEY APPEARANCE: Shannon Willis Locke appearing for Mark Joseph Uhlenbrock . Attorney Shannon Willis Locke added to party Mark Joseph Uhlenbrock(pty:dft) (Locke, Shannon) (Entered: 03/25/2021) |
| 04/01/2021 | 13 | |

| | | Minute Entry for proceedings held before Judge Elizabeth S. Chestney:Arraignment as to Mark Joseph Uhlenbrock (1) Count 1. Plea of not guilty entered on 4/1/2021 (Minute entry documents are not available electronically.) (Court Reporter FTR-Gold.) (wg) (Entered: 04/05/2021) |
|---|---|---|
| 04/07/2021 | 14 (p.30) | General Order Concerning Discovery & Pre-Trial Motions as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (cd) (Entered: 04/07/2021) |
| 04/07/2021 | 15 (p.38) | General Order Concerning Authentication of Exhibits as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (cd) (Entered: 04/07/2021) |
| 04/07/2021 | 16 (p.39) | SCHEDULING ORDER as to Mark Joseph Uhlenbrock Plea Agreement due by 4/30/2021, Docket Call or Rearraignment and Plea set for 5/13/2021 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 5/24/2021 9:30 AM before Judge Xavier Rodriguez,. Signed by Judge Xavier Rodriguez. (cd) (Entered: 04/07/2021) |
| 04/29/2021 | 17 (p.41) | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (bot1) (Entered: 04/29/2021) |
| 05/07/2021 | 18 (p.46) | Unopposed MOTION to Continue *Scheduling Order* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 05/07/2021) |
| 05/07/2021 | 19 (p.49) | ORDER GRANTING 18 (p.46) Motion to Continue as to Mark Joseph Uhlenbrock (1) Docket Call or Rearraignment and Plea set for 7/1/2021 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 7/12/2021 09:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 6/18/2021,. Signed by Judge Xavier Rodriguez. (cd) (Entered: 05/07/2021) |
| 06/22/2021 | 20 (p.51) | Unopposed MOTION to Continue *Scheduling Order* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 06/22/2021) |
| 06/22/2021 | 21 (p.54) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER - 20 (p.51) Motion to Continue as to Mark Joseph Uhlenbrock (1): Docket Call or Rearraignment and Plea set for 8/5/2021 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 8/16/2021 9:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 7/23/2021. Signed by Judge Xavier Rodriguez. (rg) (Entered: 06/22/2021) |
| 07/07/2021 | 22 (p.56) | NOTICE *of Attorney Vacation* by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 07/07/2021) |
| 07/20/2021 | 23 (p.57) | Unopposed MOTION to Continue *Scheduling Order* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 07/20/2021) |
| 07/20/2021 | 24 (p.60) | |

| | | |
|---|---|---|
| | | ORDER GRANTING CONTINUANCE AND AMENDING SCHEUDLING ORDER - 23 (p.57) Motion to Continue as to Mark Joseph Uhlenbrock (1): Docket Call or Rearraignment and Plea set for 9/23/2021 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 10/4/2021 9:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 9/10/2021. Signed by Judge Xavier Rodriguez. (rg) (Entered: 07/20/2021) |
| 08/27/2021 | 25 (p.62) | ORDER AMENDING SCHEDULING ORDER as to Mark Joseph Uhlenbrock (Plea Agreement due by 12/31/2021, Docket Call or Rearraignment set for 1/11/2022 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 1/24/2022 9:30 AM before Judge Xavier Rodriguez) ORDER TO CONTINUE - Ends of Justice as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (rg) (Entered: 08/27/2021) |
| 11/18/2021 | 26 (p.64) | MOTION to Dismiss Indictment/Information *and Memorandum of Law in Support of Such Motion* by Mark Joseph Uhlenbrock. (Attachments: # 1 (p.14) Proposed Order Order on Motion to Dismiss)(Locke, Shannon) (Entered: 11/18/2021) |
| 11/22/2021 | 27 (p.81) | MOTION for Extension of Time to File Response/Reply as to 26 (p.64) MOTION to Dismiss Indictment/Information *and Memorandum of Law in Support of Such Motion* by USA as to Mark Joseph Uhlenbrock. (Wannarka, Sarah) (Entered: 11/22/2021) |
| 11/30/2021 | | Text Order GRANTING 27 (p.81) Motion for Extension of Time to File Response/Reply as to Mark Joseph Uhlenbrock (1) Entered by Judge Xavier Rodriguez. (This is a text-only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 11/30/2021) |
| 12/01/2021 | 28 (p.84) | Unopposed MOTION to Continue *Scheduling Order* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 12/01/2021) |
| 12/01/2021 | 29 (p.87) | ORDER SETTING MOTION HEARING as to Mark Joseph Uhlenbrock, Set Motion Hearing in case as to Mark Joseph Uhlenbrock 26 (p.64) MOTION to Dismiss Indictment and Memorandum of Law in Support of Such Motion. (Motion Hearing set for 1/27/2022 1:30 PM before Judge Xavier Rodriguez). Signed by Judge Xavier Rodriguez. (rg) (Entered: 12/03/2021) |
| 12/01/2021 | 30 (p.88) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULINGORDER - 28 (p.84) Motion to Continue as to Mark Joseph Uhlenbrock (1): Docket Call or Rearraignment and Plea set for 3/17/2022 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 3/28/2022 9:00 AM before Judge Xavier Rodriguez, Plea Agreement due by 3/4/2022. Signed by Judge Xavier Rodriguez. (rg) (Entered: 12/06/2021) |

| 12/17/2021 | 31 (p.90) | RESPONSE in Opposition by USA as to Mark Joseph Uhlenbrock re 26 (p.64) MOTION to Dismiss Indictment/Information *and Memorandum of Law in Support of Such Motion* filed by Defendant Mark Joseph Uhlenbrock (Wannarka, Sarah) (Entered: 12/17/2021) |
|---|---|---|
| 01/05/2022 | 32 (p.105) | ORDER DENYING 26 (p.64) Motion to Dismiss Indictment. as to Mark Joseph Uhlenbrock (1). Signed by Judge Xavier Rodriguez. (mgr) (Entered: 01/07/2022) |
| 01/07/2022 | 33 (p.109) | ORDER HEARING ON MOTION TO DISMISS INDICTMENT (DOC. 26) on Thursday,January 27, 2022 at 01:30 PM is hereby CANCELLED as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (rg) (Entered: 01/07/2022) |
| 03/03/2022 | 34 (p.110) | Unopposed MOTION to Continue *Plea Agreement Deadline* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 03/03/2022) |
| 03/04/2022 | 35 (p.113) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER 34 (p.110) Motion to Continue as to Mark Joseph Uhlenbrock (1): Docket Call or Rearraignment and Plea set for 6/9/2022 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 6/21/2022 9:00 AM before Judge Xavier Rodriguez, Plea Agreement due by 5/27/2022. Signed by Judge Xavier Rodriguez. (rg) (Entered: 03/04/2022) |
| 05/26/2022 | 36 (p.115) | Unopposed MOTION to Continue *PLEA AGREE MENT DEADLINE* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 05/26/2022) |
| 05/27/2022 | 37 (p.118) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER 36 (p.115) Motion to Continue as to Mark Joseph Uhlenbrock (1) Docket Call or Rearraignment and Plea set for 8/11/2022 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 8/22/2022 9:00 AM before Judge Xavier Rodriguez, Plea Agreement due by 7/29/2022. Signed by Judge Xavier Rodriguez. (rg) (Entered: 05/31/2022) |
| 08/03/2022 | 38 (p.120) | Proposed MOTION to Continue *Plea Deadline* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 08/03/2022) |
| 08/03/2022 | 39 (p.123) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER 38 (p.120) Motion to Continue as to Mark Joseph Uhlenbrock (1): Docket Call or Rearraignment and Plea set for 11/17/2022 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 11/28/2022 9:00 AM before Judge Xavier Rodriguez, Plea Agreement due by 11/4/2022. Signed by Judge Xavier Rodriguez. (rg) (Entered: 08/05/2022) |
| 11/14/2022 | 40 | SEALED MOTION filed (Locke, Shannon) (Entered: 11/14/2022) |

| 11/15/2022 | 41 (p.125) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER as to Mark Joseph Uhlenbrock (Plea Agreement due by 2/4/2023, Docket Call or Rearraignment and Plea set for 2/16/2023 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Jury Trial set for 2/27/2023 9:00 AM before Judge Xavier Rodriguez) ( 40 SEALED MOTION filed filed by Mark Joseph Uhlenbrock) ORDER TO CONTINUE - Ends of Justice as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (rg) (Entered: 11/15/2022) |
|---|---|---|
| 02/16/2023 | 42 (p.127) | Unopposed MOTION to Continue *Jury Trial* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 02/16/2023) |
| 02/16/2023 | 43 (p.130) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER- Ends of Justice as to Mark Joseph Uhlenbrock, Plea Agreement due by 4/7/2023. Docket Call, Rearraignment & Plea reset for 4/18/2023 1:30 PM before Judge Xavier Rodriguez. Jury Selection & Jury Trial reset for 5/1/2023 9:00AM before Judge Xavier Rodriguez. Signed by Judge Xavier Rodriguez. (bt) (Entered: 02/16/2023) |
| 02/23/2023 | 44 (p.132) | MOTION for Reconsideration *Detention* by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 02/23/2023) |
| 02/24/2023 | | Text Order REFERRING to the United States Magistrate Judge, RE: 44 (p.132) Motion for Reconsideration re 44 (p.132) MOTION for Reconsideration *Detention* filed by Mark Joseph Uhlenbrock as to Mark Joseph Uhlenbrock (1) Entered by Judge Xavier Rodriguez. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sf) (Entered: 02/24/2023) |
| 02/24/2023 | | MOTIONS as to Mark Joseph Uhlenbrock REFERRED to Magistrate Judge: 44 (p.132) MOTION for Reconsideration *Detention*. Referral Judge: Henry J. Bemporad. (bc) (Entered: 02/24/2023) |
| 02/24/2023 | | Motions No Longer Referred as to Mark Joseph Uhlenbrock: 44 (p.132) MOTION for Reconsideration *Detention* (nm) (Entered: 03/03/2023) |
| 02/28/2023 | 45 (p.135) | ORDER as to Mark Joseph Uhlenbrock, Set/Reset Motion Hearing in case as to Mark Joseph Uhlenbrock 44 (p.132) MOTION for Reconsideration *Detention*.( Motion Hearing set for 3/2/2023 2:30 PM before Judge Richard B. Farrer,). Signed by Judge Richard B. Farrer. (nm) (Entered: 02/28/2023) |
| 03/02/2023 | 46 | Minute Entry for proceedings held before Judge Richard B. Farrer:Motion Hearing as to Mark Joseph Uhlenbrock held on 3/2/2023 re 44 (p.132) MOTION for Reconsideration *Detention* filed by Mark Joseph Uhlenbrock (Minute entry documents are not available electronically.) (Court Reporter FTR Gold.) (nm) (Entered: 03/02/2023) |
| 03/02/2023 | 47 (p.136) | ORDER as to Mark Joseph Uhlenbrock, Set/Reset Motion Hearing in case as to Mark Joseph Uhlenbrock 44 (p.132) |

| | | |
|---|---|---|
| | | MOTION for Reconsideration *Detention*.( Motion Hearing set for 3/8/2023 11:00 AM before Judge Richard B. Farrer,). Signed by Judge Richard B. Farrer. (nm) (Entered: 03/02/2023) |
| 03/08/2023 | 48 | Minute Entry for proceedings held before Judge Richard B. Farrer:Motion Hearing as to Mark Joseph Uhlenbrock held on 3/8/2023 re 44 (p.132) MOTION for Reconsideration *Detention* filed by Mark Joseph Uhlenbrock (Minute entry documents are not available electronically.) (Court Reporter FTR Gold.) (nm) (Entered: 03/08/2023) |
| 03/09/2023 | | Text Order DENYING 44 (p.132) Motion for Reconsideration as to Mark Joseph Uhlenbrock (1) for the reasons stated on the record at the March 8, 2023, hearing. Entered by Judge Richard B. Farrer. (This is a text-only entry generated by the court. There is no document associated with this entry.) (aej) (Entered: 03/09/2023) |
| 03/09/2023 | | Motions No Longer Referred as to Mark Joseph Uhlenbrock: 44 (p.132) MOTION for Reconsideration *Detention* (nm) (Entered: 03/09/2023) |
| 03/10/2023 | 49 (p.137) | ORDER GRANTING CONTINUANCE AND AMENDING SCHEDULING ORDER as to Mark Joseph Uhlenbrock, ( Plea Agreement due by 4/14/2023, Final Pretrial Conference/Docket Call, Rearraignment and Plea set for 4/27/2023 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Trial set for 5/15/2023 9:00AM before Judge Xavier Rodriguez). Signed by Judge Xavier Rodriguez. (nm) (Entered: 03/10/2023) |
| 04/14/2023 | 50 (p.139) | NOTICE *of Intent to Offer Business and Electronic Record and Motion to Admit* by USA as to Mark Joseph Uhlenbrock (Attachments: # 1 (p.14) Exhibit 1, # 2 Exhibit 2)(Calve, William) Modified on 4/17/2023 (nm). (Entered: 04/14/2023) |
| 04/21/2023 | 51 (p.151) | Proposed Voir Dire by USA as to Mark Joseph Uhlenbrock (O'Daniel, Karina) (Entered: 04/21/2023) |
| 04/21/2023 | 52 (p.156) | MOTION in Limine by USA as to Mark Joseph Uhlenbrock. (Calve, William) (Entered: 04/21/2023) |
| 04/21/2023 | 53 (p.161) | Proposed Jury Instructions by USA as to Mark Joseph Uhlenbrock (Calve, William) (Entered: 04/21/2023) |
| 04/21/2023 | 54 (p.181) | NOTICE of Intent to Use Evidence by USA as to Mark Joseph Uhlenbrock (Calve, William) (Entered: 04/21/2023) |
| 04/26/2023 | 55 (p.188) | WITNESS LIST by USA as to Mark Joseph Uhlenbrock (O'Daniel, Karina) (Entered: 04/26/2023) |
| 04/27/2023 | 56 (p.190) | Proposed Jury Instructions by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 04/27/2023) |
| 04/27/2023 | 57 (p.209) | Proposed Voir Dire by Mark Joseph Uhlenbrock (Locke, |

| | | Shannon) (Entered: 04/27/2023) |
|---|---|---|
| 04/27/2023 | 58 (p.214) | MOTION for Leave to File Jury Instructions and Voire Dire by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 04/27/2023) |
| 04/27/2023 | 59 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Pretrial Conference as to Mark Joseph Uhlenbrock held on 4/27/2023 (Minute entry documents are not available electronically.), Motion Hearing as to Mark Joseph Uhlenbrock held on 4/27/2023 re 58 (p.214) MOTION for Leave to File Jury Instructions and Voire Dire filed by Mark Joseph Uhlenbrock, 50 (p.139) MOTION filed by USA, 52 (p.156) MOTION in Limine filed by USA (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (mgr) (Entered: 04/27/2023) |
| 05/09/2023 | 60 (p.217) | EXHIBIT LIST by USA as to Mark Joseph Uhlenbrock (O'Daniel, Karina) (Entered: 05/09/2023) |
| 05/10/2023 | 61 (p.220) | MOTION to Appear Pro Hac Vice by Shannon Willis Locke ( Filing fee $ 100 receipt number ATXWDC-17421096) by Mark Joseph Uhlenbrock. (Attachments: # 1 (p.14) Exhibit)(Locke, Shannon) (Entered: 05/10/2023) |
| 05/10/2023 | 62 (p.225) | MOTION to Dismiss Counts by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 05/10/2023) |
| 05/12/2023 | 63 (p.229) | Proposed Jury Instructions by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 05/12/2023) |
| 05/12/2023 | 64 (p.248) | Response by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 05/12/2023) |
| 05/12/2023 | 65 (p.254) | EXHIBIT LIST by USA as to Mark Joseph Uhlenbrock *Amended* (Calve, William) (Entered: 05/12/2023) |
| 05/13/2023 | 66 (p.258) | Response by USA as to Mark Joseph Uhlenbrock re 64 (p.248) Response *to Notice of Intent to Use Evidence* (Calve, William) (Entered: 05/13/2023) |
| 05/14/2023 | 67 (p.264) | Proposed Voir Dire by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 05/14/2023) |
| 05/15/2023 | 69 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Pretrial Conference as to Mark Joseph Uhlenbrock held on 5/15/2023 (Minute entry documents are not available electronically.), Jury Selection as to Mark Joseph Uhlenbrock held on 5/15/2023 (Minute entry documents are not available electronically.), Voir Dire begun on 5/15/2023 Mark Joseph Uhlenbrock (1) on Count 1, Jury Trial as to Mark Joseph Uhlenbrock held on 5/15/2023 (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (nm) (Entered: 05/16/2023) |
| 05/15/2023 | | 'Oral' MOTION for Mistrial by Mark Joseph Uhlenbrock. (nm) |

| | | |
|---|---|---|
| | | (Entered: 05/16/2023) |
| 05/15/2023 | | 'Oral' MOTION for Judgment as a Matter of Law by Mark Joseph Uhlenbrock. (nm) (Entered: 05/16/2023) |
| 05/15/2023 | | 'Oral' ORDER DENYING Motion for Declaration of Mistrial as to Mark Joseph Uhlenbrock (1); DENYING Motion for Judgment as a Matter of Law as to Mark Joseph Uhlenbrock (1). Signed by Judge Xavier Rodriguez. (nm) (Entered: 05/16/2023) |
| 05/16/2023 | 68 (p.266) | Proposed Jury Instructions by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 05/16/2023) |
| 05/16/2023 | | Text Order GRANTING 61 (p.220) Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center as to Mark Joseph Uhlenbrock (1) Entered by Judge Xavier Rodriguez. (This is a text-only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 05/16/2023) |
| 05/16/2023 | | Text Order DENYING 62 (p.225) Motion to Dismiss Counts as to Mark Joseph Uhlenbrock as stated in open court. Entered by Judge Xavier Rodriguez. (This is a text-only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 05/16/2023) |
| 05/16/2023 | 70 | WITNESS LIST (nm) (Entered: 05/16/2023) |
| 05/16/2023 | 71 (p.269) | ORDER Setting Sentencing as to Mark Joseph Uhlenbrock; Sentencing set for 8/30/2023 01:30 PM before Judge Xavier Rodriguez. Signed by Judge Xavier Rodriguez. (bot2) (Entered: 05/16/2023) |
| 05/16/2023 | 72 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Jury Trial as to Mark Joseph Uhlenbrock held on 5/16/2023 (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (nm) (Entered: 05/16/2023) |
| 05/16/2023 | 73 (p.270) | Court's Charge/Instructions to Jury as to Mark Joseph Uhlenbrock (nm) (Entered: 05/16/2023) |
| 05/16/2023 | 74 (p.279) | JURY VERDICT (Redacted Version) as to Mark Joseph Uhlenbrock (1) Guilty on Count 1. filed. Unredacted Version Sealed pursuant to E-Government Act of 2002. (nm) (Entered: 05/16/2023) |
| 05/16/2023 | 82 (p.291) | ADMITTED EXHIBIT LIST by USA as to Mark Joseph Uhlenbrock (cd) (Entered: 06/13/2023) |
| 05/25/2023 | 76 (p.280) | MOTION for Extension of Time to File by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 05/25/2023) |

| | | |
|---|---|---|
| 05/28/2023 | 77 (p.309) | TRANSCRIPT filed of Proceedings as to Mark Joseph Uhlenbrock held on 5-15-23 Proceedings Transcribed: Jury Trial. Court Reporter/Transcriber Gigi Simcox, Telephone number 210-244-5037, gigi_simcox@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 6/19/2023, Redacted Transcript Deadline set for 6/28/2023, Release of Transcript Restriction set for 8/28/2023, (gs) (Entered: 05/28/2023) |
| 05/28/2023 | 78 (p.445) | TRANSCRIPT filed of Proceedings as to Mark Joseph Uhlenbrock held on 5-16-23 Proceedings Transcribed: Jury Trial. Court Reporter/Transcriber Gigi Simcox, Telephone number 210-244-5037, gigi_simcox@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 6/19/2023, Redacted Transcript Deadline set for 6/28/2023, Release of Transcript Restriction set for 8/28/2023, (gs) (Entered: 05/28/2023) |
| 05/30/2023 | 79 (p.283) | ORDER GRANTING 76 (p.280) Motion for Extension of Time to File as to Mark Joseph Uhlenbrock (1). Signed by Judge Xavier Rodriguez. (nm) (Entered: 05/30/2023) |
| 05/30/2023 | 80 (p.284) | MOTION for Acquittal by Mark Joseph Uhlenbrock. (Locke, Shannon) (Entered: 05/30/2023) |
| 06/12/2023 | 81 (p.286) | RESPONSE in Opposition by USA as to Mark Joseph Uhlenbrock re 80 (p.284) MOTION for Acquittal filed by Defendant Mark Joseph Uhlenbrock (Calve, William) (Entered: 06/12/2023) |
| 06/13/2023 | 83 (p.293) | ORDER DENYING 80 (p.284) Motion for Acquittal as to Mark Joseph Uhlenbrock (1). Signed by Judge Xavier Rodriguez. (bt) (Entered: 06/15/2023) |
| 08/23/2023 | 84 (p.569) | SEALED PRESENTENCE INVESTIGATION REPORT Filed as to Mark Joseph Uhlenbrock by Officer Vivian Friesenhahn. (Document available to court only) (Attachments: 1-3)(Perales, B.) (Entered: 08/23/2023) |
| 08/23/2023 | 85 | SENTENCING MEMORANDUM by USA as to Mark Joseph Uhlenbrock (Calve, William) (Entered: 08/23/2023) |

| 08/29/2023 | 86 | SENTENCING MEMORANDUM by Mark Joseph Uhlenbrock (Locke, Shannon) (Entered: 08/29/2023) |
|---|---|---|
| 08/30/2023 | 87 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Sentencing held on 8/30/2023 for Mark Joseph Uhlenbrock (1), Count(s) 1, 60 months Imprisonment to run consecutive to sentence imposed in case 5:16-cr-00389-XR; 3 years Supervised Release to run consecutive to sentence imposed in case 5:16-cr-00389-XR; S/A $100; Restitution $4,700.00. (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (bt) (Entered: 08/31/2023) |
| 09/06/2023 | 88 (p.296) | JUDGMENT AND COMMITMENT as to Mark Joseph Uhlenbrock (1), Count(s) 1, 60 months Imprisonment to run consecutive to sentence imposed in case 5:16-cr-00389-XR; 3 years Supervised Release to run consecutive to sentence imposed in case 5:16-cr-00389-XR; S/A $100; Restitution $4,700.00. Signed by Judge Xavier Rodriguez. (bot1) (Entered: 09/06/2023) |
| 09/06/2023 | 89 (p.590) | Sealed Statement of Reasons as to Mark Joseph Uhlenbrock (SOR documents are not available electronically.) (bot1) (Entered: 09/06/2023) |
| 09/06/2023 | 90 | Reference List filed under seal as to Mark Joseph Uhlenbrock (bt) (Entered: 09/06/2023) |
| 10/06/2023 | 91 (p.302) | Appeal of Final Judgment by Mark Joseph Uhlenbrock. No filing fee submitted (Locke, Shannon) (Entered: 10/06/2023) |
| 10/06/2023 | | NOTICE OF APPEAL following 91 (p.302) Notice of Appeal (E-Filed) by Mark Joseph Uhlenbrock Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a Transcript Order and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the CJA 24 vouchers must be completed in the E-voucher system. (wg) (Entered: 10/06/2023) |
| 10/10/2023 | 92 (p.303) | COPY of Letter of transmittal from USCA to Mr. Shannon Willis Locke received as to Mark Joseph Uhlenbrock in for 91 (p.302) Notice of Appeal - Final Judgment, filed by Mark Joseph Uhlenbrock.***We have docketed the appeal and ask you to use the case number above in future inquiries.*** (dtg) (Entered: 10/12/2023) |
| 10/13/2023 | 93 | Payment of USCA Appeal Fee received $ 505, receipt number ATXWDC-17983382 as to Mark Joseph Uhlenbrock re Notice of Appeal - Final Judgment,, : (Locke, Shannon) (Entered: 10/13/2023) |
| 10/25/2023 | 94 (p.307) | TRANSCRIPT REQUEST by Mark Joseph Uhlenbrock for dates of May 16, 2023 & May 15, 2023 before Judge Xavier Rodriguez,. Proceedings Transcribed: Jury Trial Proceedings, Jury Trial. Court Reporter: Gigi Simcox. re Notice of Appeal - |

| | | |
|---|---|---|
| | | Final Judgment,, (Locke, Shannon) (Entered: 10/25/2023) |
| 11/27/2023 | 95 (p.489) | JURY TRIAL EXHIBITS by USA as to Mark Joseph Uhlenbrock. (Attachments: # 1 (p.14) G-1)(dtg) (Entered: 11/27/2023) |
| 11/27/2023 | 96 (p.492) | JURY TRIAL EXHIBITS by USA as to Mark Joseph Uhlenbrock.***G-2*** (Attachments: # 1 (p.14) G-3)(dtg) (Entered: 11/27/2023) |
| 11/27/2023 | 97 (p.494) | JURY TRIAL EXHIBITS by USA as to Mark Joseph Uhlenbrock.***G-3-A*** (Attachments: # 1 (p.14) G-3-B, # 2 G-3-C, # 3 G-4, # 4 (p.15) G-5, # 5 (p.16) G-6)(dtg) (Entered: 11/27/2023) |
| 11/27/2023 | 98 (p.500) | JURY TRIAL EXHIBITS by USA as to Mark Joseph Uhlenbrock.***G-6-A*** (Attachments: # 1 (p.14) G-6-B, # 2 G-6-C, # 3 G-6-D, # 4 (p.15) G-6-E, # 5 (p.16) G-6-F)(dtg) (Entered: 11/27/2023) |
| 11/28/2023 | 99 (p.512) | JURY TRIAL EXHIBITS by USA as to Mark Joseph Uhlenbrock.***G-7-A*** (Attachments: # 1 (p.14) G-7-B, # 2 G-8, # 3 G-9, # 4 (p.15) G-10-A, # 5 (p.16) G-15-B)(dtg) (Entered: 11/28/2023) |
| 11/28/2023 | 100 (p.546) | JURY TRIAL EXHIBITS by USA as to Mark Joseph Uhlenbrock.***G-16*** (Attachments: # 1 (p.14) G-17, # 2 G-18-A, # 3 G-18-A, # 4 (p.15) G-19, # 5 (p.16) G-20)(dtg) (Entered: 11/28/2023) |

# U.S. District Court [LIVE]
# Western District of Texas (San Antonio)
# CRIMINAL DOCKET FOR CASE #: 5:16-cr-00389-XR-1

Case title: USA v. Uhlenbrock

Magistrate judge case number:  5:16-mj-00447-HJB

Date Filed: 05/24/2016

Assigned to: Judge Xavier
Rodriguez

Appeals court case number:
23-50664 (Doc. 68) 5CCA

**Defendant (1)**

| | | |
|---|---|---|
| **Mark Joseph Uhlenbrock** | represented by | **Alan Brown** |
| *also known as* | | Attorney at Law |
| Mark Uhlenbrock | | 222 Main Plaza |
| *TERMINATED: 08/30/2023* | | San Antonio, TX 78205 |
| *also known as* | | (210) 227-5103 |
| Mark J. Uhlenbrock | | Fax: (210) 225-2481 |
| *TERMINATED: 08/30/2023* | | Email: Alan@alanbrownlawoffices.com |
| | | *TERMINATED: 04/03/2019* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

**Alex J. Scharff**
Law Offices of Shawn Brown
540 South Saint Mary's St.
San Antonio, TX 78205
210-224-8200
Fax: 210-224-2418
Email: alexjoss@yahoo.com
*TERMINATED: 04/03/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Henry Michael Miller**
Grant, Miller & Smith, LLC
7733 Forsyth Boulevard, Suite 1850
St. Louis, MO 63105
(314) 721-6677
Fax: (314) 721-1710
Email: hankm@mgmlawfirm.com

*TERMINATED: 10/03/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Shannon Willis Locke**
The Locke Law Group, P.L.L.C.
15160 San Pedro Avenue
San Antonio, TX 78232
210-229-8300
Fax: 210-229-8301
Email: shannon@thelockelawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Penn Grant**
Grant, Miller & Smith, LLC
7733 Forsyth Boulevard, Suite 1850
St. Louis, MO 63105
(314) 721-6677
Fax: (314) 721-1710
Email: billg@mgmlawfirm.com
*TERMINATED: 10/03/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:2261.F - INTERSTATE
DOMESTIC VIOLENCE -
Stalking
(1)

**Disposition**

Revocation sentence 8/30/23: 12 months Imprisonment
to run consecutive to sentence imposed in case
5:21-cr-00084-XR; no further term of Supervision
imposed. 6 months imprisonment; 3 years re-imposed
supervised release - ORIGINAL SENTENCE - 41
months imprisonment; 3 years supervised release; $100
special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level
(Terminated)**

None

**Complaints**

**Disposition**

18:2261A(2)(B) Intent to harass or intimidate, did use the mail, any active computer service, or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonable expected to cause substantial emotional distress.

**Plaintiff**

**USA**
    represented by    **Joseph H. Gay , Jr.**
Assistant U.S. Attorney
601 N.W. Loop 410
Suite 600
San Antonio, TX 78216
(210) 384-7030
Fax: 210 384-7031
Email: Joseph.Gay@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karina O'Daniel**
U.S. Attorney's Office
Western District of Texas
601 NW Loop 410, #600
San Antonio, TX 78216
210-970-5356
Email: karina.o'daniel@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Wannarka**
U. S. Department of Justice - Asst. U.S. Attorney
601 N.W. Loop 410 - Suite 600
San Antonio, TX 78216
210-384-7192
Fax: 210-384-7118
Email: sarah.wannarka@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William F. Calve**
U.S. Attorney's Office
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
210-384-7132

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2016 | 1 (p.10) | COMPLAINT Signed by Judge Henry J. Bemporad as to Mark Joseph Uhlenbrock (1). (kh) [5:16-mj-00447-HJB] (Entered: 05/13/2016) |
| 05/13/2016 | 2 | Arrest Warrant Issued by Judge Henry J. Bemporad as to Mark Joseph Uhlenbrock. (kh) [5:16-mj-00447-HJB] (Entered: 05/13/2016) |
| 05/16/2016 | | Arrest of Mark Joseph Uhlenbrock in Eastern District of Missouri (St. Louis). (kh) [5:16-mj-00447-HJB] (Entered: 05/17/2016) |
| 05/17/2016 | 3 (p.14) | Rule 5(c)(3) Documents Received from Eastern District of Missouri as to Mark Joseph Uhlenbrock (kh) [5:16-mj-00447-HJB] (Entered: 05/17/2016) |
| 05/17/2016 | 4 (p.22) | Unsecured Bond Filed as to Mark Joseph Uhlenbrock in amount of $10,000.00. (kh) [5:16-mj-00447-HJB] (Entered: 05/17/2016) |
| 05/17/2016 | 5 (p.24) | Redacted ORDER Setting Conditions of Release as to Mark Joseph Uhlenbrock (1) $10,000 UNSECURED.. Signed by U.S. Magistrate Judge Shirley Padmore Mensah in Eastern District of Missouri. (Attachments: # 1 (p.10) Unredacted Order Setting Conditions of Release (Sealed pursuant to E-Government Act of 2002) (kh) [5:16-mj-00447-HJB] (Entered: 05/17/2016) |
| 05/17/2016 | 6 (p.28) | ORDER SETTING PRELIMINARY HEARING as to Mark Joseph Uhlenbrock. Preliminary Hearing set for 5/31/2016 09:30 AM before Judge Henry J. Bemporad. Signed by Judge Henry J. Bemporad. (kh) [5:16-mj-00447-HJB] (Entered: 05/17/2016) |
| 05/23/2016 | 7 (p.30) | NOTICE OF ATTORNEY APPEARANCE: Henry M. Miller and William P. Grant appearing for Mark Joseph Uhlenbrock (kh) [5:16-mj-00447-HJB] (Entered: 05/24/2016) |
| 05/23/2016 | 8 (p.31) | MOTION to Appear Pro Hac Vice by Henry Miller as to Mark Joseph Uhlenbrock. (kh) [5:16-mj-00447-HJB] (Entered: 05/24/2016) |
| 05/23/2016 | 9 (p.35) | MOTION to Appear Pro Hac Vice by William Grant as to Mark Joseph Uhlenbrock. (kh) [5:16-mj-00447-HJB] (Entered: 05/24/2016) |
| 05/23/2016 | 10 (p.39) | WAIVER of Preliminary Hearing by Mark Joseph Uhlenbrock (kh) [5:16-mj-00447-HJB] (Entered: 05/24/2016) |
| 05/24/2016 | 11 (p.40) | ORDER GRANTING 8 (p.31) Motion to Appear Pro Hac Vice by Henry Miller. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order as to Mark Joseph Uhlenbrock (1). Signed by Judge Henry J. Bemporad. (kh) [5:16-mj-00447-HJB] (Entered: 05/24/2016) |
| 05/24/2016 | 12 (p.41) | ORDER GRANTING 9 (p.35) Motion to Appear Pro Hac Vice by William Grant. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order as to Mark Joseph Uhlenbrock (1). Signed by Judge Henry J. Bemporad. (kh) [5:16-mj-00447-HJB] |

| | | (Entered: 05/24/2016) |
|---|---|---|
| 05/24/2016 | 13 (p.42) | INFORMATION as to Mark Joseph Uhlenbrock (1) count(s) 1. (aej) (Entered: 05/25/2016) |
| 05/24/2016 | 14 | Personal Data Sheet (SEALED) as to Mark Joseph Uhlenbrock (aej) (Entered: 05/25/2016) |
| 05/24/2016 | 15 (p.193) | PLEA AGREEMENT as to Mark Joseph Uhlenbrock (Plea agreement documents are not available electronically.) (aej) (Entered: 05/25/2016) |
| 05/25/2016 | 16 (p.43) | Order of Referral to U.S. Magistrate on felony guilty plea as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (aej) (Entered: 05/25/2016) |
| 05/25/2016 | 17 (p.44) | Pro Hac Vice Fee Paid by Henry Michael Miller as to Mark Joseph Uhlenbrock Filing fee $ 100, receipt number 500034697 and 500034696. (aej) (Entered: 05/26/2016) |
| 06/03/2016 | 18 (p.46) | ORDER SETTING ARRAIGNMENT AND PLEA as to Mark Joseph Uhlenbrock. Arraignment and Plea set for 6/15/2016 02:00 PM before Judge John W. Primomo. Signed by Judge John W. Primomo. (kh) (Entered: 06/03/2016) |
| 06/15/2016 | 19 | Minute Entry for proceedings held before Judge John W. Primomo:Rearraignment held on 6/15/2016 ; Defendant Informed of Rights. Plea of guilty entered as to Mark Joseph Uhlenbrock (1) Count 1 ;Referred to Probation for Presentence Report (Minute entry documents are not available electronically.) (Court Reporter FTR Gold.) (aej) (Entered: 06/16/2016) |
| 06/15/2016 | 20 (p.47) | WAIVER OF INDICTMENT by Mark Joseph Uhlenbrock (aej) (Entered: 06/16/2016) |
| 06/15/2016 | 21 (p.48) | FINDINGS OF FACT AND RECOMMENDATION on felony guilty plea before the United States Magistrate Judge as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (aej) (Entered: 06/16/2016) |
| 06/15/2016 | 22 (p.50) | WAIVER of Rule 32 Time Limits by Mark Joseph Uhlenbrock (aej) (Entered: 06/17/2016) |
| 06/20/2016 | 23 (p.51) | ORDER accepting re 21 (p.48) Findings of Fact on Plea as to Mark Joseph Uhlenbrock. Guilty plea accepted. Signed by Judge Xavier Rodriguez. (aej) (Entered: 06/20/2016) |
| 06/20/2016 | 24 (p.53) | ORDER Setting Sentencing as to Mark Joseph Uhlenbrock: Sentencing set for 9/28/2016 1:30 PM before Judge Xavier Rodriguez. Signed by Judge Xavier Rodriguez. (aej) (Entered: 06/20/2016) |
| 08/22/2016 | 25 (p.201) | INITIAL PRESENCE REPORT as to Mark Joseph Uhlenbrock by Officer Vivian Friesenhahn. Objections to the PSR must be submitted directly to the Probation Department and are due in 10 days. Instructions for viewing the report are available here. (Document is available only to the attorney of record and AUSA for 10 days) (Attachments: 1)(Perales, B.) (Entered: 08/22/2016) |
| 08/30/2016 | 26 (p.55) | MOTION for Extension of Time to File *Objections to Presentence Investigation Report* by Mark Joseph Uhlenbrock. (Miller, Henry) (Entered: 08/30/2016) |
| 08/30/2016 | 27 (p.57) | DEFICIENCY NOTICE:***NOTIFIED COUNSEL THAT DOCUMENT IS DEFICIENT - MISSING PROPOSED ORDER*** re 26 (p.55) MOTION for Extension of Time to File *Objections to Presentence Investigation Report* as to Mark |

| | | Joseph Uhlenbrock. (aej) (Entered: 08/30/2016) |
|---|---|---|
| 08/31/2016 | 28 (p.58) | ATTACHMENT *Proposed Order* to 27 (p.57) Deficiency Notice, by Mark Joseph Uhlenbrock (Attachments: # 1 (p.10) Proposed Order)(Miller, Henry) (Entered: 08/31/2016) |
| 08/31/2016 | | Text Order GRANTING 26 (p.55) Motion for Extension of Time to File as to Mark Joseph Uhlenbrock (1) Entered by Judge Xavier Rodriguez. (This is a text-only entry generated by the court. There is no document associated with this entry.) (blg) (Entered: 08/31/2016) |
| 09/20/2016 | 29 | Sealed Document filed (Attachments: # 1 (p.10) Exhibit A) (Miller, Henry) (Entered: 09/20/2016) |
| 09/21/2016 | 30 (p.220) | SEALED PRESENTENCE INVESTIGATION REPORT Filed as to Mark Joseph Uhlenbrock by Officer Vivian Friesenhahn. (Document available to court only) (Attachments: 1-4)(Perales, B.) (Entered: 09/21/2016) |
| 09/21/2016 | 31 (p.245) | REVISED PRESENTENCE REPORT as to Mark Joseph Uhlenbrock by Officer Vivian Friesenhahn. Instructions for viewing the report/addendum are available here. (Document is available only to the attorney of record and AUSA for 10 days) (Attachments: 1)(Perales, B.) (Entered: 09/21/2016) |
| 09/27/2016 | 32 | Sealed Document filed (Attachments: # 1 (p.10) Sealed Document) (Grant, William) (Entered: 09/27/2016) |
| 09/28/2016 | 33 | Sealed Document filed (Attachments: # 1 (p.10) Sealed Document) (Grant, William) (Entered: 09/28/2016) |
| 09/28/2016 | 34 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Sentencing held on 9/28/2016 for Mark Joseph Uhlenbrock (1), Count(s) 1, 41 months imprisonment; 3 years supervised release; $100 special assessment. (Minute entry documents are not available electronically.) (Court Reporter Karl Myers.) (aej) (Entered: 09/28/2016) |
| 10/03/2016 | 35 (p.60) | JUDGMENT AND COMMITMENT as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (aej) (Entered: 10/03/2016) |
| 10/03/2016 | 36 (p.264) | Sealed Statement of Reasons as to Mark Joseph Uhlenbrock (SOR documents are not available electronically.) (aej) (Entered: 10/03/2016) |
| 10/14/2016 | 38 (p.161) | TRANSCRIPT filed of Proceedings as to Mark Joseph Uhlenbrock held on September 28, 2016 Proceedings Transcribed: Sentencing Hearing. Court Reporter/Transcriber Karl H. Myers, Telephone number 210-244-5037. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 11/4/2016, Redacted Transcript Deadline set for 11/14/2016, Release of Transcript Restriction set for 1/12/2017, (Myers, Karl) (Entered: 10/14/2016) |
| 10/19/2017 | 39 (p.66) | Request for Modifying Conditions of Release (PB12B) as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez (aej) (Entered: 10/19/2017) |
| 02/01/2019 | 40 (p.71) | Complaint Warrant Returned Executed on 05/16/2016 as to Mark Joseph Uhlenbrock. (bc) (Entered: 02/04/2019) |

| 02/04/2019 | 41 | Probation Form 12 to revoke supervised release as to Mark Joseph Uhlenbrock (1) Count 1. Signed by Judge Xavier Rodriguez (aej) Modified on 8/24/2023 to seal personal identifier information. (sf). (Entered: 02/04/2019) |
|---|---|---|
| 02/04/2019 | | ORDER FOR ISSUANCE OF Arrest Warrant as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (aej) (Entered: 02/04/2019) |
| 02/04/2019 | 42 (p.72) | Arrest Warrant Issued by Judge Xavier Rodriguez as to Mark Joseph Uhlenbrock. (aej) (Entered: 02/04/2019) |
| 02/07/2019 | | Arrest of Mark Joseph Uhlenbrock (aej) (Entered: 02/13/2019) |
| 02/13/2019 | 43 (p.74) | Arrest Warrant Returned Executed on 2/7/19 as to Mark Joseph Uhlenbrock. (aej) (Entered: 02/13/2019) |
| 02/26/2019 | 44 (p.75) | NOTICE OF ATTORNEY APPEARANCE: Alan Brown appearing for Mark Joseph Uhlenbrock . Attorney Alan Brown added to party Mark Joseph Uhlenbrock(pty:dft) (Brown, Alan) (Entered: 02/26/2019) |
| 03/01/2019 | 45 (p.78) | Rule 5(c)(3) Documents Received as to Mark Joseph Uhlenbrock (aej) (Entered: 03/05/2019) |
| 03/01/2019 | 46 | CJA 23 Financial Affidavit by Mark Joseph Uhlenbrock (SEALED pursuant to E-Government Act of 2002). (aej) (Entered: 03/05/2019) |
| 03/01/2019 | 47 (p.84) | ORDER as to Mark Joseph Uhlenbrock, ( Preliminary Revocation Hearing set for 3/13/2019 9:30 AM before Judge Henry J. Bemporad). Signed by Judge Henry J. Bemporad. (aej) (Entered: 03/05/2019) |
| 03/04/2019 | 48 (p.86) | WAIVER of Preliminary Hearing and Detention Hearing by Mark Joseph Uhlenbrock (aej) (Entered: 03/05/2019) |
| 03/05/2019 | 49 (p.87) | ORDER CANCELLING REVOCATION HEARINGS as to Mark Joseph Uhlenbrock. Signed by Judge Henry J. Bemporad. (aej) (Entered: 03/05/2019) |
| 03/07/2019 | 50 (p.88) | ORDER as to Mark Joseph Uhlenbrock, ( Final Hearing re Revocation of Supervised Release set for 4/3/2019 1:30 PM before Judge Xavier Rodriguez). Signed by Judge Xavier Rodriguez. (aej) (Entered: 03/07/2019) |
| 04/01/2019 | 51 (p.313) | REVOCATION DOCUMENTS as to Mark Joseph Uhlenbrock by Officer Hector Medina. Instructions for viewing the report/worksheet are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Cortez, Katrina) (Entered: 04/01/2019) |
| 04/03/2019 | 52 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Final Revocation Hearing as to Mark Joseph Uhlenbrock held on 4/3/2019. Court find the defendant has violated terms of supervised release. 6 months imprisonment 3 years re-imposed supervised release (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (aej) (Entered: 04/03/2019) |
| 04/03/2019 | 53 (p.89) | Judgment on Supervised Release as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (aej) (Entered: 04/04/2019) |
| 05/26/2019 | 54 (p.177) | TRANSCRIPT filed of Proceedings as to Mark Joseph Uhlenbrock held on 4/3/19 Proceedings Transcribed: Supervised Release Revocation. Court Reporter/Transcriber Gigi Simcox, Telephone number 210-244-5037, email: |

| | | |
|---|---|---|
| | | gigi_simcox@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 6/17/2019, Redacted Transcript Deadline set for 6/26/2019, Release of Transcript Restriction set for 8/26/2019, (gs) (Entered: 05/26/2019) |
| 12/07/2020 | 55 (p.91) | Probation Form 12 to revoke supervised release as to Mark Joseph Uhlenbrock (1) Count 1 Signed by Judge Xavier Rodriguez (bc) (Entered: 12/07/2020) |
| 12/07/2020 | | ORDER FOR ISSUANCE OF Probation Warrant located in document 55 (p.91) as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (bc) (Entered: 12/07/2020) |
| 12/07/2020 | 56 (p.95) | Probation Warrant Issued by Judge Xavier Rodriguez as to Mark Joseph Uhlenbrock. (bc) (Entered: 12/07/2020) |
| 01/08/2021 | 57 (p.97) | NOTICE OF ATTORNEY APPEARANCE: Shannon Willis Locke appearing for Mark Joseph Uhlenbrock . Attorney Shannon Willis Locke added to party Mark Joseph Uhlenbrock(pty:dft) (Locke, Shannon) (Entered: 01/08/2021) |
| 03/17/2021 | | Arrest of Mark Joseph Uhlenbrock in Eastern District of Missouri-Eastern Division 4:20-MJ-1345-JMB. (bc) (Entered: 03/18/2021) |
| 03/17/2021 | 58 (p.98) | Rule 5(c)(3) Documents Received from the Eastern District of Missouri-Eastern Division 4:20-MJ-1345-JMB as to Mark Joseph Uhlenbrock (bc) (Entered: 03/18/2021) |
| 03/17/2021 | 59 (p.105) | ORDER OF DETENTION: as to Mark Joseph Uhlenbrock. Signed by Judge John M. Bodenhausen. (bc) (Entered: 03/18/2021) |
| 04/28/2021 | 60 (p.108) | Probation Warrant Returned Executed on 3/17/21 as to Mark Joseph Uhlenbrock. (bc) (Entered: 05/04/2021) |
| 05/10/2023 | 61 (p.109) | TRANSCRIPT REQUEST by USA as to Mark Joseph Uhlenbrock for proceedings held on 06/15/16 before Judge John W. Primomo. (Calve, William)***Modified TEXT on 5/10/2023 (dtg).***REARRAIGNMENT HEARING OF 6/15/2016 BEFORE JUDGE PRIMOMO; FTR GOLD, TRANSCRIBER ASSIGNED: CHRIS POAGE.*** (Entered: 05/10/2023) |
| 05/11/2023 | 62 (p.130) | TRANSCRIPT filed of Proceedings as to Mark Joseph Uhlenbrock held on 6/15/2016 Proceedings Transcribed: Rearraignment/Plea Hearing. Court Reporter/Transcriber Chris Poage, Telephone number (210)244-5036 Email: chris_poage@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 6/1/2023, Redacted Transcript Deadline set for 6/12/2023, Release of Transcript Restriction set for 8/9/2023, (cp) (Entered: 05/11/2023) |

| | | |
|---|---|---|
| 05/16/2023 | 63 (p.111) | ORDER SETTING HEARING ON MOTION TO REVOKE SUPERVISED RELEASE as to Mark Joseph Uhlenbrock, Final Hearing re Revocation of Supervised Release set for 8/30/2023 01:30 PM before Judge Xavier Rodriguez. Signed by Judge Xavier Rodriguez. bot1 (Entered: 05/16/2023) |
| 08/04/2023 | 64 (p.315) | SEALED REVOCATION SENTENCE RECOMMENDATION Filed as to Mark Joseph Uhlenbrock by Officer Hector Medina. (Document available to court only) (Rodarte, M.) (Entered: 08/04/2023) |
| 08/23/2023 | 65 (p.112) | MOTION for Upward Departure / *Upward Variance* by USA as to Mark Joseph Uhlenbrock. (Calve, William) (Entered: 08/23/2023) |
| 08/30/2023 | 66 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Final Revocation Hearing as to Mark Joseph Uhlenbrock held on 8/30/2023. 12 months imprisonment to run consecutive to sentence imposed in 5:21cr084 (1) XR.No further term of supervision re-imposed. (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (bt) (Entered: 08/30/2023) |
| 09/01/2023 | 67 (p.120) | ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING DEFENDANT as to Mark Joseph Uhlenbrock. Signed by Judge Xavier Rodriguez. (nm) (Entered: 09/01/2023) |
| 09/05/2023 | | Text Order MOOTING 65 (p.112) Motion for Upward Departure as to Mark Joseph Uhlenbrock (1) Entered by Judge Xavier Rodriguez. The defendant was sentenced and the reasons for the sentence were stated in open court. (This is a text-only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 09/05/2023) |
| 09/15/2023 | 68 (p.122) | Appeal of Final Judgment by Mark Joseph Uhlenbrock. No filing fee submitted (Locke, Shannon) (Entered: 09/15/2023) |
| 09/15/2023 | | NOTICE OF APPEAL following 68 (p.122) Notice of Appeal (E-Filed) by Mark Joseph Uhlenbrock Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a Transcript Order and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the CJA 24 vouchers must be completed in the E-voucher system. (nm) (Entered: 09/15/2023) |
| 09/18/2023 | 69 (p.125) | COPY of Letter of transmittal from USCA5 to Mr. Shannon Willis Locke received as to Mark Joseph Uhlenbrock in for 68 (p.122) Notice of Appeal - Final Judgment, filed by Mark Joseph Uhlenbrock.***We have docketed the appeal and ask you to use the case number above in future inquiries.*** (dtg) (Entered: 09/25/2023) |
| 10/04/2023 | 70 | Payment of USCA Appeal Fee received $ 505, receipt number 505.00 as to Mark Joseph Uhlenbrock re Notice of Appeal - Final Judgment,, : (Locke, Shannon) (Entered: 10/04/2023) |
| 10/04/2023 | 71 (p.129) | TRANSCRIPT REQUEST by Mark Joseph Uhlenbrock for dates of May 16, 2023 & Ma7 15, 2023 before Judge Xavier Rodriguez,. Proceedings Transcribed: Jury Trial Proceedings, Jury Trial. Court Reporter: Gigi Simcox. re Notice of Appeal - Final Judgment,, (Locke, Shannon) (Entered: 10/04/2023) |

Tab 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


UNITED STATES OF AMERICA


      v.                                Case No. 5:21-CR-00084 XR-1

MARK UHLENBROCK

     DEFENDANT


## DEFENDANT'S NOTICE OF APPEAL

TO THE HONORABLE U.S. DISTRICT JUDGE XAVIER RODRIGUEZ:

     Defendant, MARK UHLENBROCK, hereby gives notice of appeal in this cause from the final judgement entered on this action on the 30th of August 2023.


                          Respectfully submitted,

                          THE LOCKE LAW GROUP, P.L.L.C.
                          523 E. Quincy Street
                          San Antonio, Texas 78215
                          Ph: 210-229-8300
                          Fax: 210-229-8301

                          By: Shannon W. Locke //S//
                          SHANNON W. LOCKE
                          State Bar No. 24048623
                          shannon@thelockelawgroup.com


## CERTIFICATE OF SERVICE

     I certify that a true and exact copy of the Defendant MARK UHLENBROCK's Notice of Appeal was served to the U.S. Attorney's office on October 6, 2023 via electronic filing.

                          Shannon W. Locke //S//
                          SHANNON W. LOCKE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 5:21-CR-00084 XR-1

MARK UHLENBROCK

DEFENDANT

## DEFENDANT'S NOTICE OF APPEAL

TO THE HONORABLE U.S. DISTRICT JUDGE XAVIER RODRIGUEZ:

Defendant, MARK UHLENBROCK, hereby gives notice of appeal in this cause from the

final judgement entered on this action on the 30th of August 2023.

Respectfully submitted,

THE LOCKE LAW GROUP, P.L.L.C.
523 E. Quincy Street
San Antonio, Texas 78215
Ph: 210-229-8300
Fax: 210-229-8301

By: Shannon W. Locke //S//
SHANNON W. LOCKE
State Bar No. 24048623
shannon@thelockelawgroup.com

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the Defendant MARK UHLENBROCK's Notice of

Appeal was served to the U.S. Attorney's office on September 15, 2023 via electronic filing.

Shannon W. Locke //S//
SHANNON W. LOCKE

Tab 3

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FEB 2 4 2021

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
VS.                              )
                                 )
MARK JOSEPH UHLENBROCK,          )
                                 )
        Defendant.               )

CRIMINAL NO.

SA21CR0084 JKF

INDICTMENT

Count 1: 18 U.S.C. §2261A(2)(B)
Internet Stalking

THE GRAND JURY CHARGES:

**COUNT ONE**
[18 U.S.C. §2261A(2)(B)]

From on or about May 2020 to September 2020, in the Western District of Texas and

elsewhere, Defendant,

**MARK JOSEPH UHLENBROCK,**

with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill,

injure, harass, or intimidate another person, to wit: Y.T., used the mail, any interactive computer

service and electronic communication service or electronic communication system of interstate

commerce, and any other facility of interstate or foreign commerce to engage in a course of

conduct that caused, attempted to cause, or would be reasonably be expected to cause substantial

emotional distress to that person, an immediate family member of that person, or the spouse or

intimate partner of that person, in violation of Title 18, United States Code, Section 2261A(2)(B).

A TRUE BILL.

FOREPERSON

ASHLEY C. HOFF
United States Attorney

By: _____
    SARAH WANNARKA, Assistant United States Attorney

23-50714.14

Tab 4

PROB 12C
(REV. 12/04)

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   Mark Joseph Uhlenbrock                     Case Number:   5:16-CR-00389-XR(1)

Name of Sentencing Judicial Officer:   Honorable Xavier Rodriguez, United States District Judge

Date of Original Sentence:   September 28, 2016

Original Offense:   Stalking, in violation of 18 U.S.C.§ 2261A(2)(B)

Original Sentence:   41 months imprisonment followed by 3 years supervised release, $1,685.48 restitution, and $100.00 special assessment

Type of Supervision:  Supervised Release          Date Supervision Commenced:   August 8, 2019, 2nd Term

Assistant U.S. Attorney:   Sarah Wannarka               Defense Attorney:   William Penn Grant

## PREVIOUS COURT ACTION

**Modification:** On October 15, 2017, Your Honor approved a Prob 12B, Request for Modifying the Conditions or Term of Supervision with Consent of the Offender.  The 12B was requested by the supervising probation office, Eastern District of Missouri Probation Office, and included the following special conditions: must not possess and/or use computer without approval, computer monitoring,  search, must not possess audio or visual equipment without approval, no contact with minors, no access to the internet without approval, must not view or possess any visual depiction of sexually explicit conduct, must not purchase or maintain a post office box, and must advise the probation office of all computer, electronic equipment, and web enabled equipment, including cell phones, to which he possesses or has access within 24 hours.

**Revocation:**  On January 29, 2019, the probation officer filed a Prob 12C, Petition for Warrant or Summons for Offender Under Supervision.  The petition alleged Mr. Uhlenbrock violated the conditions of supervision in that he made false statements to the probation officer, possessed an unauthorized computer, accessed the Internet without permission from the probation officer, failed to comply with the computer monitoring program, had unauthorized contact with a minor, viewed sexually explicit images using a computer, and purchased pornographic content. On April 3, 2019, Your Honor found that Mr. Uhlenbrock violated the conditions of supervision as outlined in the petition and revoked the term of supervision.  Mr. Uhlenbrock was sentenced to 6 months imprisonment followed by 3 years of supervised release.

## PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Mark Joseph Uhlenbrock
5:16-CR-00389-XR(1)
December 4, 2020
Page 2

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of Mandatory Condition No. 1:** **The defendant shall not commit another federal, state, or local crime during the term of supervision.** |
| | In June 2020, Mr. Uhlenbrock committed the offense of Stalking, in violation of 18 U.S.C.§ 2261A(2)(B), a Class D Felony.  According to a report obtained from Special Agent James Thompson of the Federal Bureau of Investigation (File 9E-SA-3504134), in June 2020, Mr. Uhlenbrock used a Reddit online account to post lewd images of the victim in this case, Y.T. |
| 2. | **Violation of Special Condition No.1:** **The defendant shall participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program. The defendant shall follow the rules and regulations of the program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc). The defendant shall pay the costs of the program if financially able.** |
| | On March 17, 2020, April 1, 2020, September 2, 2020, and November 16, 2020, Mr. Uhlenbrock missed treatment sessions with the treatment provider, Professional Psychotherapy Services. |

**U.S. Probation Officer Recommendation:** The current three-year term of supervised release commenced on August 8, 2019. In addition to the standard and mandatory conditions of supervision, the Court ordered Mr. Uhlenbrock to comply with the following special conditions of release: participation in sex offender treatment, no possession of visual depictions of sexually explicit conduct, no contact with minors, shall not remain in places where illegal drugs are present, not access the Internet without prior approval from the probation office, compliance with computer monitoring by the probation office, search of personal property, and no contact with the victim (Y.T) in this case or her family.

Upon his release from custody, Mr. Uhlenbrock was permitted to reside in the Eastern District of Missouri.  He is currently supervised by the Eastern District of Missouri Probation Office as courtesy supervision.  The jurisdiction of this case remains in the Western District of Texas.

On December 3, 2020, the probation officer was contacted by Special Agent James Thompson, of the Federal Bureau of Investigation (FBI).  According to Agent Thompson, in June 2020, Mr. Uhlenbrock began to create several online profiles and posted lewd images of Y.T. on the Reddit.com website. These images were often accompanied by narratives about her being an "exhibitionist" or public masturbator, consistent with his prior stalking offense conduct.

On December 4, 2020, the probation officer contacted Alyssa Burrows, United States Probation Officer (USPO) in the Eastern District of Missouri.  USPO Burrows informed of the pending investigation into new criminal conduct.  She informed that Mr. Uhlenbrock had also missed sex offender treatment on four separate occasions in violation of his

Mark Joseph Uhlenbrock
5:16-CR-00389-XR(1)
December 4, 2020
Page 3

special condition.  According to USPO Burrows, the missed counseling sessions were not excused as Mr. Uhlenbrock admitted that he simply forgot to attend the sessions with Professional Psychotherapy Services.

Due to his ongoing criminal activity and violations of sex offender treatment the probation officer respectfully recommends a warrant be issued for Mr. Uhlenbrock's arrest.


☒  The term of supervision should be

    ☒  revoked.  (Maximum penalty: __2__ years imprisonment; _3___ years supervised release;
           and payment of any unsatisfied monetary sanction previously imposed)

    ☐  extended for __ years, for a total term of __ years.

☐  The conditions of supervision should be modified as follows:



Approved:                                                         Respectfully submitted,


_____                 _____
Jennifer R. Cordova                                          Hector Medina
Supervising U.S. Probation Officer                     Senior U.S. Probation Officer
Telephone:  (210) 472-6590, Ext.  55365          Telephone:  (210) 472-6590, Ext.  55325
                                                                      Date:  December 4, 2020



cc:   Sarah Wannarka
      Assistant U.S. Attorney

      Brenda Trejo-Olivarri
      Assistant Deputy Chief U.S. Probation Officer

Mark Joseph Uhlenbrock
5:16-CR-00389-XR(1)
December 4, 2020
Page 4

THE COURT ORDERS:

☐ No action.

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other

_____
Honorable Xavier Rodriguez
U.S. District Judge

December 7, 2020
_____
Date

23-50664.94

Tab 5

**FILED**

May 16, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ SAF

DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. SA-21-CR- |
| | § | 00084-XR |
| (1) MARK JOSEPH UHLENBROCK, | § | |
| | § | |
| *Defendant.* | § | |

### VERDICT

We, the jury in the above-captioned case, unanimously return the following verdict:

**COUNT ONE (18 U.S.C. § 2261A(2)(B) – Internet Stalking)**

_____ NOT GUILTY

X GUILTY

**SIGNED** this 16 of May, 2023.

FOREPERSON

1

23-50714.279

Tab 6

**FILED**
September 06, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **SAF**
                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

v.

Case Number: 5:21-CR-00084-XR(1)
USM Number: 45824-044

MARK JOSEPH UHLENBROCK
*Aliases: Uhlenbrock, Mark; Uhlenbrock, Mark J.*

Defendant.

# JUDGMENT IN A CRIMINAL CASE
## (For Offenses Committed On or After November 1, 1987)

The defendant, **MARK JOSEPH UHLENBROCK,** was represented by Shannon Locke, Esq.

The defendant, per Jury Verdict, found guilty to **Count(s) One (1)** of the **Indictment** on May 16, 2023.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2261A(2)(B)<br>18 U.S.C. § 2261(b)(5) | Internet Stalking | September 2020 | One (1) |

As pronounced on August 30, 2023, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 6th day of September, 2023.

_____
**XAVIER RODRIGUEZ**
**United States District Judge**

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                          Judgment -- Page 2 of 6

DEFENDANT:          MARK JOSEPH UHLENBROCK
CASE NUMBER:        5:21-CR-00084-XR(1)

## IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **Sixty (60) months** as to **Count One (1)** with credit for time served since December 11, 2020, while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).  Further, it is this Court's intent that the sentence imposed in this case shall run consecutive to the sentence imposed in 5:16-CR-389 (1) XR.

      **The Court makes the following recommendations to the Federal Bureau of Prisons:**

1.   That the defendant be incarcerated at a facility in Missouri.

The defendant shall remain in custody pending service of sentence.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

_____

By
DEPUTY UNITED STATES MARSHAL

23-50714.297

DEFENDANT:             MARK JOSEPH UHLENBROCK
CASE NUMBER:           5:21-CR-00084-XR(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release a term of **Three (3) years.**

While on supervised release the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court on November 28, 2016, and shall comply with the following additional conditions:

1.  The defendant shall not communicate, in any form or fashion, or otherwise interact, with "formally Y.T. now Y.R." and her family, either directly or through someone else.  The defendant shall not publish any defamatory or suggestive sexually material about "formally Y.T. now Y.R." on any social media platform.

2.  The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

3.  The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses.

4.  To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 4 of 6

DEFENDANT:          MARK JOSEPH UHLENBROCK
CASE NUMBER:        5:21-CR-00084-XR(1)

## CONDITIONS OF SUPERVISION

<u>Mandatory Conditions</u>:

[1]    The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]    The defendant shall not unlawfully possess a controlled substance.

[3]    The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]    The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]    If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]    If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]    You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

[8]    The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]    If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

[10]   The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

<u>Standard Conditions</u>:

[1]    The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]    After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]    The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]    The defendant shall answer truthfully the questions asked by the probation officer.

[5]    The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 5 of 6

DEFENDANT:          **MARK JOSEPH UHLENBROCK**
CASE NUMBER:        5:21-CR-00084-XR(1)

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]  If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervision release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                        Judgment -- Page 6 of 6

DEFENDANT:          MARK JOSEPH UHLENBROCK
CASE NUMBER:        5:21-CR-00084-XR(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, Attn: Mail Log, 262 W. Nueva Street, San Antonio, Texas 78207or online by Debit (credit card not accepted) or ACH payment (direct from Checking or Savings account) through pay.gov (link accessible on the landing page of the U.S. District Court's Website).  **Your mail-in or online payment must include your case number in the exact format of the DTXW521CR000084-001 to ensure proper application to your criminal monetary penalty.**  The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$100.00** | **$.00** | **$4,700.00** |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### FINE

The fine is waived because of the defendant's inability to pay.

### RESTITUTION

The defendant shall pay restitution in the amount of $4,700.00 through the Clerk, U.S. District Court, for distribution to the payee(s).  Payment of this sum shall begin immediately.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| "formally Y.T. now Y.R." | $4,700.00 |
|  | Total:   $4,700.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

23-50714.301

Tab 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | SA-21-CR-0084-XR |
| v. | § | |
| | § | |
| MARK JOSEPH UHLENBROCK, | § | |
| *Defendant.* | § | |
| | § | |

**<u>ORDER</u>**

On February 21, 2021, an indictment was filed charging the Defendant with violating 18

U.S.C. § 2261A(2)(B), commonly known as the cyberstalking statute. ECF No. 1.

In the present motion to dismiss, the Defendant argues that the statute violates both the Due

Process Clause of the Fifth Amendment and his right to free speech under the First Amendment.

ECF No. 26.  The motion to dismiss is denied.

**Background**

In or prior to 2006, the Defendant and Y.T. were involved in a consensual relationship.

ECF No. 36, at 2.  The Defendant either took or was given sexually explicit photographs of Y.T.

*Id.*  During the relationship, the Defendant began posting the photographs on internet websites,

along with erotic stories involving Y.T.  *Id.*  When Y.T. discovered the posting, she ended the

relationship.  *Id.*

Y.T. filed a civil lawsuit against the Defendant in 2009, and the Defendant agreed to a

Consent Judgment which contained a permanent injunction prohibiting the Defendant from

publishing or disclosing photographs of Y.T. *Id.* at 2–3.  The Defendant also agreed to pay

$103,000 in damages.  ECF No. 31, at 2.

23-50714.105

Thereafter, the Defendant continued posting sexually explicit photographs of Y.T.   ECF

No. 26, at 3.

A second civil lawsuit was filed against the Defendant in 2009. *Id.*  This time, the

Defendant agreed to payment of $43,000 in damages.  ECF No. 31, at 2.

Sometime in 2010, the Defendant yet again began to post photographs of Y.T.  ECF

No. 26, at 3.

A third civil lawsuit was filed in 2011. *Id.*  Another settlement was reached again

reimposing the permanent injunction, *id.*, and the Defendant agreed to the payment of $29,000 in

damages, ECF No. 31, at 2.

The Defendant returned to posting photographs, and Y.T. contacted the Federal Bureau of

Investigation for assistance.  ECF No. 26, at 3.  On May 13, 2016, the Defendant was charged with

violating the cyberstalking statute, and he subsequently pled guilty.   ECF No. 26, at 4.   The

Defendant was sentenced to 41 months of incarceration. *See* Judgment and Commitment, *United

States v. Uhlenbrock*, No. 16-CR-389 (W.D. Tex. May 24, 2016), ECF No. 35.   While on

supervised release, the Defendant returned to posting photographs.  ECF No. 31, at 2–3.  On April

3, 2019, the Defendant was sentenced to six months of incarceration for violating the terms of his

supervised release.  *See* Judgment on Supervised Release, *United States v. Uhlenbrock*, No. 16-

CR-389, ECF No. 53.  The current indictment followed.  ECF No. 1.

The current version of the cyberstalking statute reads, in relevant part, as follows:

> Whoever--
>
> **2)** with the intent to kill, injure, harass, intimidate, or place under
> surveillance with intent to kill, injure, harass, or intimidate another
> person, uses the mail, any interactive computer service or electronic
> communication service or electronic communication system of
> interstate commerce, or any other facility of interstate or foreign
> commerce to engage in a course of conduct that--

23-50714.106

**(B)** causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A),

shall be punished as provided in section 2261(b) or section 2261B, as the case may be.

18 U.S.C. § 2261A(2)(B).

The cyberstalking statute was first enacted in 1996, and was amended in 2000, 2006, 2013, 2018, and 2020.  The relevant provisions challenged here ("engage in a course of conduct" and "cause substantial emotional distress") have remained in each version of the statute.

**Analysis**

The Defendant first challenges the statute as unconstitutionally vague inasmuch as "substantial emotional distress" is not defined.  *See* ECF No. 26, at 5–9.  Defense counsel acknowledges that the Fifth Circuit in *United States v. Conlan*, 786 F.3d 380 (5th Cir. 2015), rejected this argument.  *See* ECF No. 26, at 5.  The Fifth Circuit concluded that:

> The statute need not define "harass" and "intimidate" because they are not obscure words and are readily understandable by most people.  Any vagueness concerns are further alleviated by the list of easily understood terms surrounding "harass" and "intimidate"— "kill, injure . . . or cause substantial emotional distress"—and by the statute's scienter requirement, which narrows its scope and mitigates arbitrary enforcement.

*Conlan*, 786 F.3d at 386.

In attempting to distinguish *Conlan*, the Defendant relies upon *United States v. Johnson*, 576 U.S. 591 (2015) (concluding that the residual clause of the Armed Career Criminal Act was unconstitutionally vague).  *See* ECF No. 26, at 8–9.  This Court concludes that it is bound by existing Fifth Circuit precedent on this issue.  Further, the Court concludes that the statute challenged in *Johnson* is not analogous to the current statute at issue.  The residual clause required

3

23-50714.107

a complex analysis to determine whether a crime qualified as a violent felony. No such complexity is at issue here. *See United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014) ("Contrary to Osinger's argument, 'harass' and 'substantial emotional distress' are not esoteric or complicated terms devoid of common understanding.").

The Defendant further challenges the statute here as unconstitutionally abridging his free speech rights. *See* ECF No. 26, at 9–12. This Court concludes that 18 U.S.C. § 2261A does not violate the First Amendment as applied to the Defendant because he did not engage in protected speech when he published sexually explicit photographs of Y.T. This Court makes no conclusions about the content of any "stories" the Defendant may have published. *See United States v. Gonzalez*, 905 F.3d 165, 192 (3d Cir. 2018) ("As our sister Courts of Appeals have concluded, it is the intent with which the defendants' engaged in this conduct, and the effect this conduct had on the victims, that makes what the defendants did a criminal violation."); *see also United States v. Ackell*, 907 F.3d 67, 78 (1st Cir. 2018) ("§ 2261A(2)(B) is not an impermissible content- or viewpoint-based restriction on speech.").

### Conclusion

Accordingly, the Defendant's motion to dismiss the indictment (ECF No. 26) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this January 5, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

23-50714.108

Tab 8

1      (*San Antonio, Texas; May 15, 2023, at 9:00 a.m., in open*
2  *court.*)
3            THE COURT:  21CR84, United States versus Mark Joseph
4  Uhlenbrock.
5            Appearances, please.
6            MR. CALVE:  Billy Calve on behalf of the United
7  States.
8            MR. LOCKE:  Shannon Willis Locke on behalf of
9  Mr. Uhlenbrock.
10           THE COURT:  Thank you.
11           We have a pending motion to appear pro hac vice;
12  that's granted.
13           Then we have a motion to dismiss the indictment.
14  That had been previously filed several months ago and I denied
15  that one.
16           How is this one different?
17           MR. LOCKE:  Well, Your Honor, it's essentially
18  different, especially in the sense that if we narrow the
19  issues to just harassment and substantial emotional distress,
20  without the other parts of the indictment, in that specific
21  application to these circumstances the statute is overbroad
22  and doesn't provide the necessary notice.
23           So it's close to the other one but as we're
24  getting — narrowing the issues, we want to make sure that
25  that specifically is addressed.

1          THE COURT:  Do you want to respond?

2          MR. CALVE:  As the defense acknowledges, this motion

3  is close to the other one and the Court already dismissed a

4  prior motion to dismiss.

5          What this one essentially is raising is an

6  overbreadth challenge to the statute, which is something that

7  the First, Third, and the Eleventh circuits have all rejected

8  in very similar types of motions when they have attacked this

9  statute, so the government would ask the Court to do that in

10  this case.

11          THE COURT:  And so has the Fifth.

12          MR. CALVE:  Yes, Your Honor.

13          THE COURT:  But I know where you're headed.  That's

14  the current Supreme Court case that's pending now, right?

15          MR. LOCKE:  Yes, Your Honor.

16          THE COURT:  Are they challenging overbreadth, or are

17  they challenging intent in that case?

18          MR. LOCKE:  I think it goes to intent, Your Honor,

19  and to — I think it's really both.

20          THE COURT:  Yeah.  But is that a motion to dismiss

21  the indictment, or is that a motion for judgment as a matter

22  of law after hearing all the evidence to find out what the

23  evidence was to rise to the level of either intent, or whether

24  or not what the alleged behavior in this case rose to the

25  level of emotional distress?

1    So, yeah, the motion to dismiss is denied without

2  prejudice to filing any motions for judgment as a matter of

3  law after the government's case in chief.

4    So that takes care of those two things.  Let's figure

5  out how we are going to proceed in this case.

6    When I ask questions of the panel, I guess I'll need

7  to ask a question of who the actual victim is and the name of

8  the victim to see whether any of the panel members know the

9  victim.

10    So what is the victim's name?

11    MR. CALVE:  Her name is Yvonne Richardson.  She was

12  previously known as Yvonne Tonne, T-O-N-N-E, and Yvonne Yanez,

13  Y-A-N-E-Z.

14    THE COURT:  Do we know what her maiden name is?

15    MR. CALVE:  It's Yanez, Your Honor.

16    THE COURT:  Okay.  That's that.

17    Now, when it comes to exhibits in this case, how are

18  we going to handle — I'm not sure they are pornographic, but

19  they're sexually explicit.

20    MR. CALVE:  They are, Your Honor, and we would defer

21  to the Court and what the Court would feel most comfortable

22  with.  We do have, I think, the capabilities to bring in a

23  dock cam if the Court would prefer that we exercise more

24  control in terms of, "We're going to put this up for a few

25  moments and then take it down."  It is the evidence in the

Tab 9

1  case so we think the jury needs to see it.

2         THE COURT:  Right.  No, I agree with that.

3         MR. CALVE:  If the Court believes that it should be

4  more of a momentary display, we're happy to accommodate the

5  Court's wish.

6         THE COURT:  Yeah.  Your thoughts?  I'm thinking we

7  put this on the cam, that way it's not presented for an unduly

8  long period of time.

9         MR. LOCKE:  I'll defer to the Court.

10         THE COURT:  Yeah.  Let's put it on the document

11  camera and then we'll only publish that to the jury and that

12  won't get published to the well —— pardon me.  I mean to the

13  spectator area.

14         Okay.  What else do we need to take up?

15         Anything else from the government?

16         MR. CALVE:  Your Honor, we previously noticed our

17  intent to offer 404(b) evidence.

18         THE COURT:  Oh, that's right.  Yeah; thank you for

19  that.

20         So let's take that up.

21         I saw the defendant's response.  I mean, why isn't

22  that relevant to intent, if nothing else?

23         MR. LOCKE:  Well, Your Honor, I think that because it

24  fails the 403 balancing test, we would ask that it —— so

25  there's a couple of things.

1        One, the government is proposing to put in the plea

2   agreement, the sentencing allocution, and the judgment.  I

3   think it could achieve this by just putting in the judgment.

4        So I think that the 403 balancing test requires some

5   winnowing of the government's exhibits, if nothing else.  And

6   I think also, additionally, it is so prejudicial that that 403

7   balancing test should keep it out on its own and in its

8   entirety.

9        And for those reasons, Your Honor, we'd ask that this

10  just be tried on the facts.  They can be given, you know, a

11  skeletal idea of what he had done before and how Ms. Yanez had

12  put him on notice about how this was unwanted, but this is so

13  overwhelmingly prejudicial, and additionally creates a problem

14  because they have indicted him on a specific date range with

15  a, you know, very specific course of conduct that was alleged

16  in the indictment.

17       This goes beyond that and it meets all of the

18  elements necessary for a conviction here.  So there is a true

19  danger that the jury would consider the prior acts without,

20  and just convict him for that alone, so I think that the

21  Court, at the very least, needs to winnow some of the

22  government's exhibits.  I don't think that it's — and I think

23  the 403 balancing test requires that, Your Honor.

24            THE COURT:  Your response.

25            MR. CALVE:  Any risk of unfair prejudice or any risk

1  that the jury would consider those prior acts in determining

2  what to convict him for can be mitigated by a limiting

3  instruction.

4         We are going to ask that they find the defendant

5  guilty based on the course of conduct in the indictment in

6  2020.  We are going to be very clear about that, but where

7  there are prior acts that are so similar involving the same

8  victim, same images, same MO, the case law is crystal clear

9  that that goes to how probative the evidence is.

10        So even when you strike that balance and apply that

11  404(b) balancing test, the probative value is not outweighed

12  by any undue prejudice to the defendant.

13        THE COURT:  What about the inclusion of the civil

14  judgments in all of this?

15        MR. CALVE:  We are not going to offer those as actual

16  exhibits.  Our plan at this time is to have the victim explain

17  that she went through civil litigation, but we're —— in order

18  to accommodate the concerns being raised by the defense, we're

19  not going to offer each and every one as individual exhibits,

20  but we do think the fact that there was civil litigation goes

21  to his intent just like the rest of the prior misconduct

22  because it shows his understanding of how this made the victim

23  feel and yet he's continued to do the same thing.

24        THE COURT:  And what about the transcripts of the

25  sentencing, why is that necessary?

1          MR. CALVE:  Your Honor, we believe that also goes to
2    his intent because he acknowledged the way that his activities
3    made the victim feel.  He said that he knew what this had done
4    to her and that he was sorry and he wasn't going to do it
5    anymore, and yet here we are a few years later and he's
6    engaged in the same course of conduct.  It again speaks to his
7    intent in this case to harass her.
8          THE COURT:  And ironically, both of you want to put
9    that in.  I'm not sure I understood that.
10          MR. LOCKE:  Your Honor, and that's a strategic
11    question that we're still mulling, seeing what the
12    government's evidence is going to be.  But I guess our point
13    is, is that if the Court rules that it comes in then I think
14    that the sentencing allocution may be our best bet of
15    rebutting it but we would rather not have to engage in that
16    strategic decision, if that makes sense.
17          So if it all comes in then we need the sentencing
18    allocution, but if the Court winnows it to the point where
19    that's not necessary, then we wouldn't put it in.
20          THE COURT:  It goes to intent, and in any 403(b)
21    there's always -- any evidence that's bad for the defendant is
22    always prejudicial.  It's a matter of whether it's overly
23    prejudicial.  And the intent here is a pattern of continuing
24    practice, but I will give the jury a limiting instruction
25    about how they are to use this prior evidence.

1          So the government can go into that.

2          Okay.  So we are now at the mercy of the jury clerk.

3  I think a jury is being brought in to Judge Biery's courtroom

4  first and so we're on standby waiting for a jury to come in

5  here.

6          It's never too late to talk.  Perhaps we're past this

7  point.

8          I'm not sure how you're going to get past this,

9  Mr. Uhlenbrock, but you never know what a jury is going to do.

10          So if you-all want to continue talking in here, feel

11  free do to do that, but, if not, we'll wait for a jury to be

12  brought in and I'll come out at that time.

13          Anything else?

14          MR. CALVE:  No, Your Honor.

15          MR. LOCKE:  No, Your Honor.

16      *(Recess)*

17

18

19

20

21

22

23

24

25

Tab 10

1          THE COURT:  Come on up.

2      (At the bench)

3          MR. LOCKE:  We're well beyond what Miss O'Daniel said

4  we were doing.

5          THE COURT:  Yes.

6          MISS O'DANIEL:  Judge, I'm showing that at the time

7  these pictures get posted they continue to get worse.  It is

8  showing that his intent is to continue to harass her because

9  when they keep getting posted it continues to get worse.

10          I'm actually done.  That's all that goes to the 2013.

11  I'm moving on to the current pictures.

12          THE COURT:  So has she completed the answer to your

13  last response?

14          MISS O'DANIEL:  She did, Your Honor.

15          THE COURT:  Okay.  Then a new question.

16          MR. LOCKE:  I ask for a mistrial, Your Honor.

17          THE COURT:  That's denied.

18      (Open court)

19  BY MISS O'DANIEL:

20  Q.  Yvonne, I'd like to direct your attention to June of 2020.

21  Did you become aware in June of 2020 that these pictures had

22  been posted again?

23  A.  Yes.

24  Q.  How did you become aware that these photographs were again

25  posted?

Tab 11

1    (San Antonio, Texas; May 16, 2023, at 9:30 a.m., in open
2    court.)
3           THE COURT:  So if you-all will turn to the jury
4    instructions and charge that I left you-all a copy last night.
5           Are there any objections, edits, comments to pages
6    one through five right before similar acts?  So everything
7    from members of the jury to caution consider only the crimes
8    charged.
9           Any objections, comments, edits from the government?
10          MR. CALVE:  We would just note, Your Honor, that it
11   says this is a civil action at the very top in the caption.
12          THE COURT:  In the caption?
13          MR. CALVE:  Yes, Your Honor.  I have civil action
14   number SA21, unless there's another version that I don't have.
15          THE COURT:  Oh, I'm sorry.  You're right.  The word
16   civil should be criminal.  Thank you for catching that.
17          Anything from the defendant?
18          MR. LOCKE:  And it was one through four?
19          THE COURT:  One through five, up to similar acts.
20          MR. LOCKE:  No objections, Your Honor.
21          THE COURT:  Okay.  Anything on similar acts from the
22   government?
23          MR. CALVE:  Yes, Your Honor.
24          We presented the similar acts evidence specifically
25   for intent.  We also see here "whether the defendant committed

1  the acts for which he's on trial by accident or mistake."  I

2  think we could just limit it to intent, since that's what

3  we've offered them for.

4      THE COURT:  What does the defendant say?

5      MR. LOCKE:  Yes, Your Honor.  I don't think accident

6  or mistake is at issue here.

7      THE COURT:  Both sides want it deleted, it will be

8  deleted.  So we will now just say "whether the defendant had

9  the state of mind or intent necessary to commit the crime

10  charged in the indictment," period.  And then the word "or,"

11  and the intent line will go out.

12      Anything on summary charts, caution punishment, or

13  venue from the government?

14      MR. CALVE:  No, Your Honor.

15      THE COURT:  From the defendant?

16      MR. LOCKE:  No, Your Honor.

17      THE COURT:  On the substantive Count 1, internet

18  stalking, anything from the government?

19      MR. CALVE:  Your Honor, as to the second element, we

20  would just ask that the alternative ways of proving this be

21  taken out of the brackets and that we just list them all with

22  commas so that the jury understands clearly that these are

23  part of a list that has "or" in it, that they can choose one.

24      THE COURT:  What says the defendant?

25      MR. LOCKE:  We would prefer it with commas, Your

1    Honor.

2              THE COURT:  We will replace all of that with commas.

3              Anything else from the government on the substantive

4    Count 1?

5              MR. CALVE:  No, Your Honor.

6              THE COURT:  From the defendant?

7              MR. LOCKE:  Yes, Your Honor.

8              I proposed a jury instruction on the course of

9    conduct, limiting the course of conduct to everything that the

10   government put on after the indictment.  So I think that here,

11   because we have such a large amount of 404(b) evidence, I

12   would posit an overwhelming amount of 404(b) evidence to the

13   prejudice of Mr. Uhlenbrock, because we have such an

14   overwhelming amount of 404(b) evidence I'm asking that you put

15   in a limiting instruction to the course of conduct saying that

16   you must agree, you must unanimously agree, and then the

17   definition of course of conduct, but it must occur between May

18   and September of 2020.

19             THE COURT:  What's the government say?

20             MR. CALVE:  We are going to make that clear in

21   closing argument, that May through September of 2020 is what

22   he's been charged for.  We think that the similar acts

23   limiting instruction the Court has already included

24   accomplishes the purpose that Mr. Locke is requesting.

25             THE COURT:  The Court agrees.

1        Anything else, Mr. Locke?

2        MR. LOCKE:  Yes, Your Honor.

3        For the intent, we would ask that be defined as we

4    submitted in our proposed jury instructions.

5        The problem that we have here, Your Honor, is that

6    typically these cases have very clear threats.  And in those

7    circumstances the appellate courts have found that the very

8    clear threats have no protection on the First Amendment, that

9    there's no — that they clearly meet the level of the statute,

10   the conduct that is prohibited in this statute.

11       Here, we don't have clear threats.  We have something

12   else.  And so the jury needs to be instructed that it's not

13   the intentional act of posting the pictures that is criminal,

14   it is the intent to cause substantial emotional distress or

15   likely to believe, as is noted in the statute, substantial

16   emotional distress.

17       So intent needs to be defined here.  Without the

18   definition, it is confusing to the jury and it certainly needs

19   to be limited as to what he intended to do.  Did he

20   intentionally post the photographs?  Could the jury find

21   according to these instructions that if he intentionally

22   posted the photographs, then he's guilty.

23       No, he has to intentionally post the photos with the

24   intent to or with the reasonable expectation that it would

25   cause substantial emotional distress to YT.  So that needs to

1   be added to the jury instructions.  There needs to be an

2   application paragraph there uniform with what we requested in

3   our proposed jury instructions.

4        THE COURT:  The government.

5        MR. CALVE:  The Court has provided a definition for

6   intent or to intend and we think that that definition is

7   exactly what's needed, that the act was committed voluntarily

8   and purposely.

9        The problem with the instruction proposed by

10  Mr. Locke is I don't know where it's from.  There's no

11  citation in the proposal.  Yesterday the defense said that it

12  came from the *Ackell* case from the Fifth Circuit.

13       THE COURT:  I looked at that case and it did not come

14  from that.

15       MR. CALVE:  Right.  The *Ackell* case actually has an

16  instruction very similar to what the Court has put in the

17  charge.  So the government believes that that's exactly the

18  type of instruction that's appropriate to help the jury

19  understand what it means to intend to do something, and that's

20  what we ask be submitted.

21       THE COURT:  The defendant's proposed definition is

22  noted but overruled.

23       MR. LOCKE:  And, Judge, I would like to add, the

24  *Ackell* case, it was proposed by the parties in the *Ackell* case

25  and they had cited *Tobin*, *United States v Tobin* for authority

1    to propose that jury instruction.

2         THE COURT:  And that Court refused it.

3         MR. LOCKE:  They did not provide that instruction,

4    that's correct.  And then *Tobin* came from what had been the

5    harassment statute prior to the internet, where they did

6    require a bad motive or more than just a bad motive to be

7    intentional.

8         THE COURT:  Yeah.  So I've made the ruling.

9         Any objections, comments, edits to use of notes or

10   duty to deliberate, from the government?

11        MR. CALVE:  No, Your Honor.

12        THE COURT:  From the defendant?

13        MR. LOCKE:  No, Your Honor.

14        THE COURT:  As to the verdict form, we're going to

15   change the word civil to criminal again.

16        And anything other than that, from the government?

17        MR. CALVE:  No, Your Honor.

18        THE COURT:  From the defendant?

19        MR. LOCKE:  No, Your Honor.

20        THE COURT:  Okay.  I'll make those changes and then

21   we'll be back again.  Then we'll bring the jury in.

22        Did I already tell you how much time for closing or

23   did we talk about that?

24        MR. CALVE:  We did not talk about that, Your Honor.

25   We were going to request 25 minutes total that we would split

Tab 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

§
§
§

v.                                                            §          CRIM. ACTION NO. SA-21-CR-84-XR

§
MARK JOSEPH UHLENBROCK,                                       §
§
    *Defendant.*                                              §
§

## ORDER

On this day came on to be considered Defendant's Motion for Judgment of Acquittal (Dkt.

No. 80). The motion is denied.

## BACKGROUND

Uhlenbrock was charged in an indictment with internet stalking in violation of 18 U.S.C.

§ 2261A(2)(B). The background of this case was previously set forth in the Order denying

Defendant's motion to dismiss the indictment. *See* Dkt. No. 32. On May 16, 2023, a jury found

the Defendant guilty. At the close of evidence in the case, the Defendant made a verbal motion for

acquittal, which the Court denied on the record. He now has filed this motion, arguing that as a

matter of law, there was insufficient evidence of emotional distress and intent.

**18 U.S.C. §2261A**

Title 18, United States Code, Section 2261A makes it a crime to use the mail or any facility

in interstate commerce, including interactive computer services or electronic communication

services or systems, with the intent to stalk another person.

To find a defendant guilty of this crime, the government must prove each of the following

beyond a reasonable doubt: First: That the defendant used the mail, any interactive computer

1

service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; Second: That the defendant did so with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person; and Third: That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person.

**Federal Rule of Criminal Procedure 29**

"The jury's verdict will be affirmed 'if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.' In assessing evidentiary sufficiency, [courts] do 'not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict.'" *United States v. Seekins*, No. 21-10556, 2022 WL 3644185, at *1 (5th Cir. Aug. 24, 2022) (internal citations omitted).

**ANALYSIS**

The evidence before the jury in this case established that the Defendant's posting of sexual images of victim Y.T. on social media sites was a continuation of such behavior he has engaged in since 2006. The jury had before it a 2016 plea agreement that the Defendant entered, where the Defendant admitted that Y.T. filed several civil suits against him to get the Defendant to stop his actions. When the Defendant pled guilty to a 2016 indictment charging him with the internet stalking of Y.T., he admitted in the factual basis of his plea agreement to his acts, to the number of civil lawsuits that he agreed to pay Y.T. for her emotional damages suffered, to the number of times he agreed to injunctive relief where he agreed not to post any more sexual images of Y.T.,

2

and, of significance to this motion, that his "course of conduct caused Y.T. substantial emotional distress." Gov. Ex. 10, at p. 4 (2016 plea agreement). Along with this evidence, the jury had before it the testimony of Y.T., as well as the social media posts.

There was extensive evidence of intent and "substantial emotional distress" before the jury to find the Defendant guilty. Indeed, the jury returned with its verdict in less than 20 minutes. With intent, the Defendant published the various posts and images, has been doing so for years, and has been doing so knowing that he is causing Y.T. substantial emotional distress. The motion is **DENIED**.

It is so **ORDERED**.

**SIGNED** this June 13, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

23-50714.295

Tab 13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

No. 5:21-CR-00084-XR

VS.

MARK UHLENBROCK

## MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF SUCH MOTION[1]

### INTRODUCTION

Supreme Court Justice Felix Frankfurter once remarked that "it is a fair summary of constitutional history that the landmarks of our liberties have often been forged in cases involving not very nice people."[2] This is a case that involves a lengthy history of upsetting conduct on the part of Mr. Uhlenbrock. Counsel does not dispute that and is not unsympathetic to the plight of the complaining witness in this case.

However, there are real, substantive limits of what the criminal law — and, specifically, *this* criminal law — can accomplish with respect to Mr. Uhlenbrock's actions. Those limits are set forth in the First and Fifth Amendment to the United

---

[1] All facts are not to be considered admissions but were gleaned from material made available by the either through its allegations or through its discovery materials. The facts are presented as if true so that this motion can be prosecuted. No such concession will be made if the case proceeds to trial.

[2] Civil Liberties and Civil Rights, USHistory.Org, available at https://www.ushistory.org/gov/10.asp (last accessed August 24, 2021).

States Constitution. For the reasons that follow, 18 USC § 2261A(2)(B) is unconstitutional both facially, and as applied to the particular facts of the case before the Court.

## FACTUAL BACKGROUND

Beginning in 2002, Mr. Uhlenbrock and the complaining witness in this case, Y.Y., were involved in a romantic relationship. The pair had met through their work: Y.Y. was a flight attendant and Mr. Uhlenbrock was a pilot. During the course of this relationship — as is often the case in our modern times — Y.Y. sent to Mr. Uhlenbrock intimate photos, and Mr. Uhlenbrock took intimate photos of Y.Y..[3] At some point, Mr. Uhlenbrock began to upload some of these photos to the internet without Y.Y.'s consent or knowledge. She was alerted to his behavior by a colleague, and she subsequently broke things off with him in 2006.

While the relationship between the two ended, Mr. Uhlenbrock's behavior of posting nude images of Y.Y. to the internet did not stop. For several years he continued posting images of Y.Y. on the internet as well as writing accompanying stories from the perspective of Y.Y. She eventually filed a civil lawsuit against Mr. Uhlenbrock in Bexar County, Texas in 2009. The Court issued a consent judgment

---

[3] This was generally done with her permission, though there may have been at least one instance where he took a photo of her surreptitiously.

23-50714.65

against Mr. Uhlenbrock in which he agreed to pay more than $100,000 in damages to Y.Y. and agreed to stop posting pictures of her online.

Mr. Uhlenbrock continued to post pictures of Y.Y. on the internet and was sued again by Y.Y. in 2009. Mr. Uhlenbrock paid damages and agreed to stop posting pictures of Y.Y. online once more. However, he continued to engage in this behavior, and was sued a third time in 2011. In the third lawsuit, Mr. Uhlenbrock and Y.Y. reached a settlement where he agreed to pay additional damages and agreed to stop posting pictures of Y.Y. online.

In 2015, the FBI began to investigate Mr. Uhlenbrock for posting pictures of Y.Y. online and discovered that in the summer of 2015, Mr. Uhlenbrock uploaded seven nude images of Y.Y. to the internet. The internet protocol address that was associated with those uploads was traced back to Mr. Uhlenbrock.

On August 26, 2015, a federal search warrant was executed at Mr. Uhlenbrock's residence, which resulted in the seizure of two laptops containing nude pictures of Y.Y. as well as links and bookmarks indicating that Mr. Uhlenbrock had used those computers to upload nude images of Y.Y. to the internet. Mr. Uhlenbrock cooperated with investigators and admitted to posting the pictures despite being the subject of the multiple civil injunctions and having paid out over $100,000 in damages. He noted that after posting the pictures, he would spend a lot of time tiny got remove the images from sites he posted them to by sending them notices under

3

the Digital Millennium Copyright Act. In the interview with law enforcement, Mr. Uhlenbrock described his behavior as an addiction — that he was excited by the prospect of posting and then removing the images of Y.Y.

Mr. Uhlenbrock was subsequently federally indicted,[4] alleging a violation of 18 USC § 2261A(2)(B) — the cyberstalking statute. The case was resolved by plea, and Mr. Uhlenbrock was sentenced to 41-months' incarceration and three years of supervised release on April 3rd, 2019. At sentencing, Mr. Uhlenbrock addressed Y.Y., noting that "I owe you an apology. I am sorry. It is not enough. I feel that I owe you your life back. I wish I could go back and help you with that. I think about you and what I have done every waking hour of every day. I more than embarrassed you. I humiliated you. I caused you to be fearful. I have affected your social life. I affected your motivation to go to work. I would like you to know that even though what I did was very mean and for a long time, I did it without malicious intent. I didn't do it to be mean. I didn't do it to be vengeful for revengeful. It is the terrible nature of my addiction. I have nothing against you. I think you are a very nice woman. I like you."[5]

Subsequent to his custodial term, Mr. Uhlenbrock violated his supervised release by viewing sexually explicit material, having contact with a minor without

---

[4] *United States v. Uhlenbrock*, 5:16-cr-00389-XR.
[5] Transcript, Case No. 16-cr-00389, DE # 38 at 3-4.

23-50714.67

prior approval, and by failing to answer truthfully about his possession of an internet-enabled computer without prior approval.[6] During the sentencing hearing, the government agreed that what was going to get Mr. Uhlenbrock to stop was not going to be more jail time, but treatment.[7] The Court revoked his supervised release for six months, and reimposed a new three year supervised release term.[8]

After Mr. Uhlenbrock was released from prison, Y.Y. undertook an investigation into whether or not Mr. Uhlenbrock had resumed his posting activities. In the summer of 2020, she discovered that he had resumed making posts and then deleting them. She contacted the FBI with printouts of what she had discovered, noting that "[w]e know that his M.O. is to post this stuff and then delete. This is part of the excitement/fear that he enjoys. Unfortunately for him, I was able to find this stuff before he could find it all and delete it in time." Y.Y. also told law enforcement that Mr. Uhlenbrock's posts were using her old name.

Specifically, Y.Y. discovered that accounts she knew or believed to be associated with Mr. Uhlenbrock were posting nude images of her to Reddit.com, Imgur.com, and elsewhere using various accounts. Y.Y. also discovered several stories that were posted which were written from the first-person perspective — giving the appearance to an outside observer that it was in fact Y.Y. who was posting

---

[6] Id., De #54, 2. He was not posting pictures of Y.Y. at this point but stated at the revocation hearing that he was attempting to ensure that he had been successful in taking the prior posts down.
[7] Id.
[8] Id.

23-50714.68

the images and writing the associated stories.[9] In the discovery that has been provided to the undersigned, the vast majority of these posts do not identify Y.Y. textually — that is, while the posts do use images of Y.Y., the information posted alongside the images does not appear to identify her (with the exception of one post, where Y.Y.'s name is on the image itself). Some of the stories do reference Y.Y.'s first name in the content.

Many of the posts that Y.Y. had discovered had already been deleted or removed by the time that she sought them out, but of course several had not. Y.Y. provided all of this information to the FBI, who in turn served a subpoena on the internet service provider associated with the IP address that made the postings. The information that law enforcement received was that Mr. Uhlenbrock was the subscriber associated with that IP address.

On December 7th, 2020, an arrest warrant was issued for Mr. Uhlenbrock, which was served the following day. He was subsequently federally indicted in the above-captioned Indictment, and the instant Motion follows.

## ARGUMENT

18 USC § 2261A(2)(B) criminalizes a course of conduct undertaken by someone with the intent to kill, injury, harass, or intimidate that causes, attempts to

---

[9] Counsel does not want to include the verbatim names of the stories in the instant motion for privacy considerations, but generally speaking the titles and content of the stories lead readers to believe that the author a flight attendant in Y.Y.'s state of residence who is an avid exhibitionist and swinger.

23-50714.69

cause, or would be reasonably expected to cause substantial emotional distress to an individual. It is colloquially known as the cyberstalking statute, and has been repeatedly amended, and neither the 5th Circuit Court of Appeals nor the United States Supreme Court has heard challenges to the statute that are raised here.[10]

This provision is both facially unconstitutional, as well as unconstitutional as applied to the facts of this case. The provision is facially unconstitutional under the Fifth Amendment because it is facially vague and violates the Due Process Clause. The provision is also unconstitutional as applied as it violates Mr. Uhlenbrock's rights under the First Amendment.

## 1. Vagueness

What is emotional distress, and how much emotional distress is substantial emotional distress? 2261A(2)(B), on its face, violates the Due Process clause of the Fifth Amendment because it affixes criminal liability to the answers to these questions which vary from person to person. Criminal laws must be drafted such that ordinary people would be given proper notice of what conduct is punished and that would not simply invite arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352 (1983); *Grayned v. City of Rockford,* 408 U.S. 104 (1972).

---

[10] The 5th Circuit Court of Appeals did hear a vagueness challenge to 2261A in *United States v. Conlan*, 786 F.3d 380 (5th Cir. 2015) and rejected it, but that vagueness challenge differs from the instant motion as developed below. Furthermore, *Conlan* construed a prior iteration of the statute and was decided prior to relevant Supreme Court precedent as set forth below.

23-50714.70

Here, the statute criminalizes conduct that "would reasonably be expected to cause substantial emotional distress." Nowhere in the statute is "substantial emotional distress" defined — indeed, emotional distress, much less substantial emotional distress, is an inherently subjective concept.

A recent decision from the United States Supreme Court is instructive on this point: in *Johnson v. United States*, 576 U.S. 591 (2015) the Court struck down the residual clause of the Armed Career Criminal Act which imposed enhanced punishment if the defendant had three or more prior convictions for a "violent felony." *Id.* The term violent felony was defined in the code as any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* The Court struck down the residual clause as unconstitutionally vague, finding that there were two aspects of the law that required them to strike it down: that the provision required judges to "imagine how the idealized ordinary case of the crime" would play out when assessing potential risk, and to assess "how much risk it takes for a crime to qualify as a violent felony." *Id.* The Court noted that the combination of "indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

23-50714.71

The application to the facts at hand is relatively straight-forward: nowhere in the statute is substantial emotional distress defined. As with *Johnson*, the finding of criminal liability turns on a subjective assessment of two inquiries: (1) what conduct be reasonably expected to cause substantial emotional distress *and* (2) when does emotional distress become substantial? These are inquiries that are tied to people's subjective experiences and requires the exact same judicial imagining that the Court condemned in *Johnson*. *Cf. Sessions v. Dimaya,* 138 S.Ct. 1204 (2018) (holding that a clause of the Immigration and Nationality Act that defined crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was unconstitutionally vague).

While the Fifth Circuit did reject a vagueness challenge to the statute, it does not preclude the current challenge. In *United States v. Conlan*, 786 F.3d 380 (5th Cir. 2015), the 5th Circuit Court of Appeals rejected a vagueness challenge to the 2006 version of 2261A on plain error review, where the appellant alleged that the statute was unconstitutionally vague because "neither 'harass' nor 'intimidate' "was defined. *Id.* That is not the challenge Mr. Uhlenbrock makes today. In *Conlan*, it was clear that the 5th Circuit focused its analysis on 2261A(2)(A) ("To violate the statute one must both intend to cause a reasonable fear of death or serious bodily injury and in fact cause a reasonable fear of death or serious bodily injury.") *Id.* at 386. To be

23-50714.72

sure, those are elements of an offense under 2261A(2)(A), but not the section of the statute under which Mr. Uhlenbrock is presently indicted. Indeed, as set forth herein, "in fact caus[ing]" any harm is not a requirement for criminal liability under (2)(B) — rather only that speech which would reasonably be expected to cause substantial emotional distress. *Conlan* also construed the 2006 version of the statute, which is not at issue here. Finally, *Conlan* was decided approximately one month before the Supreme Court rendered its decision in *Johnson*, which struck down a closely analogous statute. Stated differently, the Court has not had the opportunity to evaluate the challenge raised herein to the clause of the statute related to substantial emotional distress, nor has it had the opportunity to apply the holdings of *Johnson* and *Dimaya.*

## 2. First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law … abridging the freedom of speech." U.S. Const. AM I. Even speech that is difficult, upsetting, or challenges sensibilities is entitled to First Amendment protection. *United States v. Stevens*, 559 U.S. 460 (2010). Of course, not all speech is protected, and the Supreme Court has delineated some exceptions to the general rule of protection afforded to speech in the cases of obscenity, defamation, fraud, incitement, true threats, and speech integral to criminal conduct. *United States v. Cook*, 472 F.Supp.3d 326 (N.D. Miss. 2020). However, the

10

23-50714.73

Supreme Court has observed that it is a basic principle of the freedom of speech that it "remains protected even when it may 'stir people to action,' 'move them to tears,' or 'inflict great pain." *Sorrell v. IMS Health, Inc.,* 564 U.S. 552, 576 (2011). While the statute regulates conduct, conduct can also be protected by the First Amendment if it is significantly imbued with elements of communication." *Texas v. Johnson,* 491 U.S. 397 (1989).

A law is content based if it concerns itself with "the undesirable effects that arise from the 'direct impact of speech on its audience'." *McCullen v. Coakley,* 134 S.Ct. 2518 (2014), *Reed v. Gilbert*, 135 S.Ct. 2218 (2015). As applied to the facts of this case, the cyberstalking statute functions as a content-based restriction on speech and as such is presumptively invalid with the burden falling to the government to rebut that burden. *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803 (2000). As the Supreme Court noted in *United States v. Stevens*, 559 U.S. 460 (2010), the established exceptions to the First Amendment are rooted in "long-settled tradition of subjecting that speech to regulation." *Id.*

Simply stated, the act of Mr. Uhlenbrock posting Y.Y.'s images and writing lurid stories on the internet is not criminal under 2261A(2)(B). As-applied, the law functions as a content-based restriction because whether it is criminal turns on whether the content would cause substantial emotional distress. As such, the restriction must be "necessary to serve a compelling state interest." *First National*

23-50714.74

*Bank of Boston v. Belloitti*, 435 U.S. 765 (1978). And here, "the Government's interest in criminalizing speech that inflicts emotional distress is not a compelling one." *United States v. Cassidy*, 816 F.Supp.2d 574 (D. Md. 2011).

In *United States v. Ackrell,* 907 F.3d 67 (1st Cir. 2018) the 1st Circuit rejected a facial First Amendment challenge to the cyberstalking statute. In so doing, however, the *Ackrell* Court expressly acknowledged that the statute "could have an unconstitutional application and remaining cognizant of the chilling-effect-related concerns…[s]hould situations arise where the statute is applied to courses of conduct **that are sufficiently expressive to implicate the First Amendment, we are confident that as applied challenges will properly safeguard the rights that the First Amendment enshrines.**" *Id. a*t 77 (emphasis added).

*A*s the quoted language from *Ackrell* foreshadowed, another court in this Circuit dismissed an indictment under the statute that as being applied to "courses of conduct that [were] sufficiently expressive to implicate the First Amendment[.]" *Id.* In *United States v. Cook*, 472 F.Supp.3d 326 (N.D. Miss. 2020), the defendant was acquitted of state charges of the sale of a controlled substance in a case that was widely publicized. Subsequent to his acquittal, he availed himself of the modern town square — Facebook — to voice his grievances. Following a series of posts that authorities construed as threats, including posts appearing to identify the personal residence of one of the police officers that was involved in his prosecution, he was

12

federally indicted under the cyberstalking statute. *Id.* The court ultimately found that, as applied, the statute was unconstitutional. *Id.*

In dismissing the indictment, the court in *Cook* specifically noted that relatively few of the cases construing the limits of the cyberstalking statute dealt with what it referred to as a "bulletin board" post. *Id.* at 335. In other words, the threats in *Cook* were never sent to any of the erstwhile victims of those threats — they were simply posted to his personal Facebook page. People had to seek them out of their own accord and read them: "the government has not alleged that Cook ever directly contacted any of the subjects of his Facebook posts. Rather, Cook is being prosecuted solely on the content of his public posts — not the act of posting." *Id.* at 332.

Similarly, in *United States v. Cassidy*, 814 F.Supp.2d 574 (D. Md. 2011) dismissed an indictment under the cyberstalking statute for the defendant's use of Twitter and various blogs to variously threaten the complaining witness and tell them to kill themselves. *Id.* In dismissing the indictment, *Cassidy* cited to *Playboy Entertainment Group,* 529 U.S. at 813 for the proposition that

> Where the designed benefit of a content-based speech restriction is to shield the sensibilities of listeners, the general rule is that the right of expression prevails, even where no less restrictive alternative exists. We are expected to protect our own sensibilities simply by averting [our] eyes.

23-50714.76

*Id.* At 585. The *Cassidy* court noted that the complaining witness "had the ability to protect 'her own sensibilities simply by averting' her eyes from the Defendant's blog and not looking at or blocking his Tweets." *Id.*

As in *Cook* and *Cassidy*, Mr. Uhlenbrock did not send any of the speech at hand to Y.Y. — rather, he is "being prosecuted for the content of his public posts." *Cook*, 472 Supp.3d. 326 at 334.  He made these posts on platforms similar to those at issue in *Cook* and *Cassidy*. Indeed, in the discovery material provided to counsel, it does not appear that Y.Y. would have discovered the material had she not undertaken her own investigation: none of the stories or images were sent to her by Mr. Uhlenbrock, the photos that he posted are nearly two decades old now and to the extent that he did use her name, it was an old one. Furthermore, and unlike the defendant in *Cassidy (*and arguably *Cook)*, his intention in writing the stories and posting the photos was not to upset Y.Y., as set forth in the factual background above. Indeed, as has been his custom, he attempted to take down the posts once they were online and, in many cases, succeeded in doing so.

In short, as applied, the statute criminalizes speech that is upsetting — and understandably so — to Y.Y. That is the only element of the crime at issue here. Were it not for her searching out these posts, it seems unlikely that she would have ever encountered them. And counsel does not mean to minimize the fact that they are upsetting. However, one's personal upset or lack thereof is not a sufficient

23-50714.77

justification under the First Amendment and authorities cited herein for the government to criminalize speech. This is not to say that Y.Y. is without remedy, but only that it is not a remedy to be found in prosecuting Uhlenbrock under this statute.

### CONCLUSION

For the foregoing reasons, the Court should dismiss the above-captioned indictment us facially unconstitutional under the Fifth Amendment and unconstitutional as-applied under the First Amendment.

Respectfully submitted,

THE LOCKE LAW GROUP, P.L.L.C.
523 E. Quincy Street
San Antonio, Texas 78215
Ph: 210-229-8300
Fax: 210-2298301

By: Shannon W. Locke //S//
SHANNON W. LOCKE
shannon@thelockelawgroup.com

23-50714.78

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and exact copy of the Defendant MARK UHLENBROCK's Motion to Dismiss was served to the U.S. Attorney's office on November 18, 2021, via electronic filing.

<u>Shannon W. Locke //S//            </u>
Shannon W. Locke

16

23-50714.79

Tab 14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

No. 5:21-CR-00084-XR

VS.

**MOTION TO DISMISS**

MARK UHLENBROCK
DEFENDANT

** ** *** ** **

Comes now the Defendant, Mark Uhlenbrock, and Moves this Honorable Court to dismiss the above-captioned Indictment as it violates Mr. Uhlenbrock's rights secured by the First Amendment to the United States Constitution. U.S. const. AMEND. I. Specifically, the statute under which Mr. Uhlenbrock is charged — 18 U.S.C. § 2261A(2)(B) — fails under the overbreadth doctrine. *United States v. Williams,* 553 U.S. 285 (2008); *Members of City Council of L.A. v. Taxpayers for Vincent*, 466 U.S. 789 (1984).

The First Amendment prohibits laws which criminalize "a substantial amount of protected speech." *Id.* In advancing this challenge, Mr. Ulhenbrock bears the burden of establishing that 2261A(2)(B) is substantially overbroad. *Virginia v. Hicks*, 539 U.S. 113 (2003). The First Amendment provides substantial protection against laws that chill protected speech. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). In determining whether a statute is overbroad and prohibits a substantial amount of protected speech, it is judged in relation to its plainly legitimate sweep. *Hicks*, 539 U.S. at 118 (2003).

The statute under which Mr. Uhlenbrock is charged prohibits someone from:

> with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person[.]

1

23-50714.225

18 U.S.C. § 2261A(2)(B).

Congress defines "course of conduct" as a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose. 18 U.S.C.A. § 2266(2). Of course, as it has in this case, the conduct can encompass nothing more than speech. *See United States v. Ackell*, 907 F.3d 67 (1st Cir. 2018). While 2261A(2)(A) criminalizes types of speech that traditionally do not receive First Amendment protection—i.e., true threats—2261A(2)(B) encompasses far more speech, a substantial amount of which is protected by the First Amendment. Important to the overbreadth analysis, other terms in the statute such as harass, intimidate, and substantial emotional distress are undefined. Because these terms are undefined, the statute effectively criminalizes an enormous amount of protected speech. *See United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014) (listing a large number of different emotions that could satisfy the emotional distress element).

The statute thus criminalizes speech made over the internet that causes or is expected to cause "substantial emotional distress." Substantial disappointment would qualify, as would substantial humiliation, as would nausea. *Id.* Granted the statute has an intentional mens rea, but that limitation is of little assistance because terms like harass or intimidate are likewise undefined. Usually, this problem is avoided by the Government because it chooses to prosecute defendants under this statute who have made true threats. However, the Government has indicated and conceded that Defendant has not made any threats. The Government will be proceeding only on the harassment/substantial emotional distress prong of the statute.

In this modern and hyper-politicized era, there is an enormous amount of online speech that is effectively criminalized by 2261A(2)(B), but that the First Amendment nevertheless protects. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988). It also, as in this case, would criminalize speech *about* someone that is not even directed at or to that individual, so long as it would be deemed sufficiently upsetting and were uttered with the requisite "intent." The speech at issue need not even

2

*actually* cause anyone upset, but only need to be hypothetically upsetting, greatly expanding the amount of speech that the statute criminalizes that would otherwise be protected under the First Amendment: angry or irate messages or even voicemails from colleagues, business partners, or family members, angry e-mails, or internet trolling are all criminalized under the statute's expansive definition of what constitutes cyberstalking. While Congress may properly criminalize speech that constitutes a "true threat" or speech that is integral to criminal conduct—i.e., the statutes "plainly legitimate sweep"— those arguably represent a small fraction of electronic communication that would hypothetically cause substantial emotional distress and that is criminalized under this statute. *See United States v. Cassidy*, 814 F.Supp.2d 574 (D. Md. 2011).

In addition, the statute criminalizes speech on matters of public concern, such as religion so long as that speech is uttered with the intent to harass and would hypothetically cause substantial emotional distress but is nevertheless still entitled to First Amendment protection. *See Snyder v. Phelps*, 562 U.S. 443 (2011) (picketing funeral of American military funeral with signs reading, *inter alia*, "Thank God for Dead Soldiers," "Fags Doom Nations," "Priests Rape Boys," and "You're Going to Hell" was protected speech). Indeed, the protestors in *Snyder* arguably engaged in the very conduct that is criminalized by this statute: they engaged in a course of conduct with the intent to harass another person, used a facility of interstate commerce to do so, and uttered speech that likely caused (and certainly would be reasonably expected to cause) substantial emotional distress.

Because the statute targets not only conduct but speech, and because the terms in it are vaguely defined — if at all — it has a remarkably broad reach the renders criminal an enormous amount of speech that is neither a true threat nor is speech integral to criminal conduct, and thus 18 U.S.C. § 2261A(2)(B) is overbroad and violates the First Amendment.

3

Respectfully submitted,

THE LOCKE LAW GROUP, P.L.L.C.
523 E. Quincy Street
San Antonio, Texas 78215
Ph: 210-229-8300
Fax: 210-2298301


By: Shannon W. Locke //S//
SHANNON W. LOCKE


## CERTIFICATE OF SERVICE

I certify a true and exact copy of the Defendant MARK UHLENBROCK's Motion to Dismiss was served to the U.S. Attorney's office on May 10, 2022 via electronic filing.


Shannon W. Locke //S//

23-50714.228

Tab 15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

No. 5:21-CR-00084-XR

VS.

**RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT
TO USE EVIDENCE UNDER RULE 609 AND RULE 404(b)**

MARK UHLENBROCK
DEFENDANT

** ** *** ** **

In this case the government seeks to essentially satisfy its burden of proof by introducing a litany of prior bad acts committed by the Defendant in order to prove that he *also* committed the offense for which he is currently indicted. This is precisely what the sort of scenario that is prohibited by the Federal Rules of Evidence.

In addition, should the government be permitted to introduce the acts described in its notice, unique constitutional challenges would arise in this prosecution for the reasons described herein.

A.   *Mr. Uhlenbrock's prior acts do not constitute evidence intrinsic to the charged offense*

In its Notice, the government advances several theories about why it should be permitted to introduce the prior civil judgments against Mr. Uhlenbrock along with his prior guilty plea, but each of the government's arguments should fail. First, the government urges that these pieces of history are "intrinsic to the charged crime in this case." *Motion at 3.*

In *United States v. Torres*, 685 F.2d 921 (1982) the Fifth Circuit was confronted with the question of what constitutes evidence intrinsic to the charged crime in the context of a drug trafficking operation. The defendants in *Torres* engaged in two smaller transactions as test runs for a much larger transaction. *Id.* This larger transaction was foiled by law enforcement and the defendants were subsequently indicted and tried. Amongst the arguments that the defendants unsuccessfully raised was that the evidence of the test transactions should have been excluded. The Fifth Circuit disagreed,

1

finding that these test transactions were "necessary preliminaries to the larger sale that led to the defendants' arrests. It was during those transactions that the plans for the purchase of the larger quantity of cocaine were laid." *Id.* at 924. In further explaining what constitutes evidence intrinsic to a crime, the Court explained:

> In the usual case, the "other acts" occurred at different times and under different circumstances from the crime charged. The policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become "other acts" because the defendant is indicted for less than all of his actions. If a person breaks into a house, murders the occupants, and steals a television set, the individual offenses do not become "wholly separate and independent crimes" merely because they are made the subject of separate indictments.

*Id.* citing *United States v. Aleman*, 592 F.2d 881 (5th Cir. 1979).

It is thus apparent that evidence intrinsic to a crime is something other than that which is contemplated here. Contrary to the government's position that the prior acts represent one long criminal sequence, they are in reality discrete instances that are punctuated by civil judgments and a past conviction. The past acts for which Mr. Uhlenbrock has been held accountable are not "necessary preliminaries" to complete the story of the charged offenses but instead are past actions that in some instances are more than a decade old, nor are they parts of a single criminal episode like the illustrative example given in *Aleman* quoted above. Simply stated, they are not intrinsic to the charged offense.

B. *Under 404(b) the prior bad acts not not admissible*

It is a "cardinal principle" that the accused is to be tried only on the offenses for which he is presently charged, and not on crimes for which he has already been called to account. *United States v. San Martin*, 505 F.2d 918 (5th Cir. 1974). "Although prior offenses may be valuable, and sometimes essential, to prove intent or design, the danger of their prejudicial effect is so great that all of the prerequisites must be met and the balancing test completely satisfied before they may be admitted safely into evidence." *Id.* at 923. As such, even if the evidence the government seeks to introduce in its case-in-chief against Mr. Uhlenbrock is relevant for some permitted purpose under FRE 404(b)—

23-50714.249

which is not conceded—it does not satisfy the Rule 403 balancing test against undue prejudice. *United States v. Valenzuela*, 57 F.4th 518 (5th Cir. 2023). Mr. Uhlenbrock does not concede that the acts the government seeks to introduce are relevant for some permitted purpose, but rather that their proposed introduction readily fails the Rule 403 balancing test.

Rule 403 operates to exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, confusing the issues, misleading the jury, or resulting in unfair prejudice against the party whom the evidence is offered. Here, all of these will result if the government is allowed to introduce the evidence in its Notice.

The Indictment in this case charges that between May 2020 and September 2020, Mr. Uhlenbrock engaged in a course of conduct which violated 18 U.S.C. 2261A(2)(B), which is substantially similar conduct to which Mr. Uhlenbrock has previously pled guilty to and has been the subject of multiple civil court judgments. Introduction of these prior instances will mislead the jury and confuse the issues with respect to the element of the offense that Mr. Uhlenbrock engage in a course of conduct as it will invite the jury to reason that these prior instances are a part of a broader course of conduct. Indeed, even in the government's motion they refer to these prior acts as part of a single scheme, which would be impermissible under Rule 403.

Lastly, the introduction of these prior instances would invite the jury to engage in propensity reasoning: i.e., that since Mr. Uhlenbrock were responsible for the prior posts, he must also be responsible for these — which is the precise sort of reasoning that FRE 404 and 403 were designed to guard against. Thus, the prior civil court judgments and Mr. Uhlenbrock's prior plea are not admissible.

### C. *Introduction of the prior acts would result in a constructive amendment of the Indictment*

Similarly, the admission of the prior civil court judgments and the prior guilty plea would effectively result in a constructive amendment of the Indictment. *United States v. Stanford*, 805 F.3d 557

23-50714.250

(8th Cir. 2015) (constructive indictment occurs when "the government changes its theory at trial, allowing the jury to convict on a broader basis than alleged in the indictment, or when the government proves an essential element of the crime on an alternate basis authorized by statute but not charged in the indictment.")

As stated above, Mr. Uhlenbrock stands indicted for posts that he allegedly made between May and September of 2020, though allegations related to time are not an essential element of the offense. *See Id.* If the government were to enter into evidence the entire history of Mr. Uhlenbrock and the complaining witness' relationship in this case, it would permit the jury to find Mr. Uhlenbrock guilty on the basis of any of the previous posts that Mr. Uhlenbrock has previously made resulting in a constructive amendment of the Indictment.

### D. Introduction of the prior acts would violate Mr. Uhlenbrock's Double Jeopardy rights

Introduction of Mr. Uhlenbrock's prior criminal offense, specifically, would violate his Double Jeopardy rights by essentially trying him for offenses for which he has already been held fully accountable.the government. *See United States v. Conlan*, 786 F.3d 380 (5th Cir. 2015). By introducing Mr. Uhlenbrock's prior postings for which he has already been held criminally accountable (under this same statute, no less), it would allow the jury to convict him on the basis of acts for which he has already been convicted, thus violating Mr. Uhlenbrock's Double Jeopardy rights. U.S. const. AMEND. V.

### E. Should the government be permitted to introduce Mr. Uhlenbrock's prior guilty plea, Mr. Uhlenbrock should then be permitted to introduce to his allocution at the prior plea

The government is seeking to introduce Mr. Uhlenbrock's prior guilty plea to a 2261A offense to establish, *inter alia*, intent. Presumably, the government is going to seek to do this by arguing that he previously had intent because he pled guilty to the crime. Should the government be permitted to

4

23-50714.251

do this, Mr. Uhlenbrock should be permitted to introduce into evidence his prior allocution wherein he stated that he had no intent or desire to harm the complaining witness.

The "rule of completeness" is a common law principle of evidence that is designed to prevent one party from gaining an unfair advantage over another by introducing only a part of a writing or recording that would otherwise leave a misleading impression on the fact-finder. *United States v. Herman*, 997 F.3d 251, 263 n.5 (5th Cir. 2021). Here, that principle would clearly extend to allowing Mr. Uhlenbrock to introduce his allocution. Specifically, Mr. Uhlenbrock would seek to introduce the following statements:

> Yes, sir, I would. I would like to use her name, but I won't, but I would just like the Court and her to know that I am addressing her. Thank you.
>
> I owe -- I owe you an apology. I am sorry. It is not enough. I feel that I owe you your life back. I wish I could go back and help you with that. I think about you and what I have done every waking hour of every day. I more than embarrassed you. I humiliated you. I caused you to be fearful. I have affected your social life. I affected your motivation to go to work.
>
> I would like you to know that even though what I did was very mean and for a long time, I did it without malicious intent. I didn't do it to be mean. I didn't do it to be vengeful or revengeful. It is the terrible nature of my addiction. I have nothing against you. I think you are a very nice woman. I like you. You came close to deserving none of this.
>
> I can't apologize enough. What you did by reporting this to the FBI was the right thing for you. It was the right thing for me. As stressful as this is and as unbelievable that it is that I am in this court today, it is what I needed in order to do the right things to change my life.
>
> I feel that I am. I know it is too late for you, but I really do thank you for doing this and it is really a blessing for me. I do want to apologize to your husband and your family and friends and anybody else that has had to go through this with you.

*Transcript of Sentencing,* September 28, 2016, *United States v. Uhlenbrock,* No. 16-CR-389-XR, Docket Entry 38 at 3.

23-50714.252

Respectfully submitted,

THE LOCKE LAW GROUP, P.L.L.C.
523 E. Quincy Street
San Antonio, Texas 78215
Ph: 210-229-8300
Fax: 210-2298301


By: Shannon W. Locke //S//
SHANNON W. LOCKE


**CERTIFICATE OF SERVICE**

I certify a true and exact copy of the Defendant MARK UHLENBROCK's Response to the Government's Notice of Intent to Use Evidence Under Rule 609 and 404(b) was served to the U.S. Attorney's office on May 12, 2023 via electronic filing.


Shannon W. Locke //S//

23-50714.253

Tab 16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

No. 5:21-CR-00084-XR

VS.

**MOTION FOR A JUDGMENT OF ACQUITTAL**

MARK UHLENBROCK
DEFENDANT

\*\*  \*\*  \*\*\*  \*\*  \*\*

Comes now the Defendant, Mark Uhlenbrock, by and through undersigned counsel, and Moves this Honorable Court to set aside the verdict of guilt entered by a jury in this case on May 16,2023 and enter a verdict of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

Motions made pursuant to Rule 29 are viewed with the evidence and all reasonable inferences therefrom being construed in favor of the government. From that posture, if a reasonable trier of fact could not conclude that the elements of the offense were established beyond a reasonable doubt, a Rule 29 motion must be granted. *United States v. McCall*, 553 F.3d 821, 831 (5th Cir. 2008). Rule 29 motions need not state with specificity their grounds. *Id.*

The government's proof in this matter failed as a matter of law with respect to essential elements of the 18 U.S.C. § 2261A(2)(B) offense: to wit, substantial emotional distress and intent.

As the government's witness conceded at trial, it was Mr. Uhlenbrock's "MO" to publish these photos *and then delete them*. Trial Transcript at 75. It cannot credibly be claimed that the evidence was sufficient to find Mr. Uhlenbrock guilty as to the required elements if

1

he actively sought to remove from the internet the very material that was supposed to be distressing to the complaining witness.

The proof is in the proverbial pudding that the complaining witness was not upset by the material posted to sites such as Reddit and Imgur given that the government took no action to remove the material and did not even begin investigating the case for several months after being made aware of the alleged criminal postings. Transcript at 75-78. Furthermore, other than testimony from the complaining witness there was no evidence adduced at trial that Mr. Uhlenbrock's conduct caused substantial emotional distress.

For these and any other reason supported by the record, Mr. Uhlenbrock respectfully requests that the Court enter a judgment of acquittal pursuant to Rule 29.

Respectfully submitted,

THE LOCKE LAW GROUP, P.L.L.C.
523 E. Quincy Street
San Antonio, Texas 78215
Ph: 210-229-8300
Fax: 210-2298301

By: Shannon W. Locke //S//
SHANNON W. LOCKE

## CERTIFICATE OF SERVICE

I certify a true and exact copy of the Defendant MARK UHLENBROCK's Motion for a Judgment of Acquittal was served to the U.S. Attorney's office on May 30, 2023 via electronic filing.

Shannon W. Locke //S//

23-50714.285

Tab 17

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

No. 5:21-CR-00084-XR

VS.

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

MARK UHLENBROCK                                              DEFENDANT

\*\*   \*\*   \*\*\*   \*\*   \*\*


Comes now the Defendant, Mark Uhlenbrock, and tenders the accompanying proposed jury

instructions which are fashioned after the Fifth Circuit Pattern Instructions.

1

23-50714.266

COURSE OF CONDUCT

That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that

(1) placed that other person in reasonable fear of the death or serious bodily injury to that person, a member of that person's immediate family, a spouse or intimate partner of that person, or the pet, service animal, emotional support animal, or horse of that person; or

(2) caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person.

"Course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. Here, you have heard evidence of prior bad acts that occurred prior to May of 2020. You are not to consider those prior bad acts when determining whether Defendant engaged in a course of conduct with the intent to cause, attempt to cause, or reasonably expected to cause substantial emotional distress to a that person. You must unanimously agree that the two or more acts occurred between May and September of 2020.

To act with "intent" means to act with the specific intent or purpose of causing the desired result in an individual. It is not sufficient that an individual might or does foresee that such a result is a likely consequence of any action, but rather the individual must intend the specific result. In this context, the government must prove beyond a reasonable doubt that the Defendant intended to harass the complaining witness as opposed to being motivated by some other reason. It is not sufficient that the Defendant have some other bad or improper motive.

If you find from your consideration of the evidence that the Government did not prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty.

Respectfully submitted,

THE LOCKE LAW GROUP, P.L.L.C.
523 E. Quincy Street
San Antonio, Texas 78215
Ph: 210-229-8300
Fax: 210-2298301

2

By: <u>Shannon W. Locke //S//</u>
SHANNON W. LOCKE

## **<u>CERTIFICATE OF SERVICE</u>**

I certify a true and exact copy of the Defendant MARK UHLENBROCK's Proposed Jury Instructions was served to the U.S. Attorney's office on May 16, 2023 via electronic filing.

<u>Shannon W. Locke //S//</u>

3

Tab 18

**FILED**

May 16, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ SAF

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Criminal Action No. SA-21-CR-00084-XR |
| | § | |
| (1) MARK JOSEPH UHLENBROCK, | § | |
| *Defendant.* | § | |
| | § | |

## JURY INSTRUCTIONS AND CHARGE

**MEMBERS OF THE JURY:**

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or

1

follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses,

23-50714.271

including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**EVIDENCE – INFERENCES, DIRECT AND CIRCUMSTANTIAL EVIDENCE**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

23-50714.272

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the

23-50714.273

witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crimes were committed on the exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the indictment.

## CAUTION – CONSIDER ONLY THE CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of

23-50714.274

this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment.

These are the limited purposes for which any evidence of other similar acts may be considered.

## SUMMARIES AND CHARTS RECEIVED INTO EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## VENUE

The Indictment alleges that some act [or acts] in furtherance of the crime charged occurred in the Western District of Texas. There is no requirement that all aspects of the crime charged take place here in the Western District of Texas. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that some act in furtherance of the crime charged took place in The Western District of Texas. The Court instructs you that Austin and San

23-50714.275

Antonio are within the Western District of Texas. Unlike all the specific elements of the crime charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here. The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

### COUNT ONE – INTERNET STALKING

Title 18, United States Code, Section 2261A makes it a crime to use the mail or any facility in interstate commerce, including interactive computer services or electronic communication services or systems, with the intent to stalk another person.

For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

*First*: That the defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce.

*Second*: That the defendant did so with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person; and

*Third*: That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person.

23-50714.276

"Course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

To "intend" or "intent" means that the act was committed voluntarily and purposely.

## USE OF NOTES

You have been allowed to take notes during this trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if

23-50714.277

convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**SIGNED** this 16th day of May, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

23-50714.278

Tab 19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of March, 2024, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. All counsel of record are registered CM/ECF users, and will be served by the appellate CM/ECF system

/**s**/ Shannon W. Locke
Shannon W. Locke